65    7
79   359
65    7
86   283

## WM. CAMERON & CO. v. THOMAS MARSHALL ET AL.

(Case No. 5282)

1. REVISED STATUTES, TITLE LXI — CONSTRUCTION — INTENT.— It was made the intention of the legislature in title LXI to prescribe a general plan to be pursued in reference to all such liens as are treated of in that chapter.

2. SAME.—Art. 3165 and the three succeeding ones show that it was made an essential towards securing these liens that a record of the contract should be made in the county clerk's office within six months after the debt for labor or materials should become due.

3. SAME.— It is clear that whenever the "record" is alluded to in the articles succeeding article 3165, a record within six months is intended; those articles are to be construed in connection with article 3165.

4. SAME—HOMESTEAD.—Art. 3174, R. S., was intended to except homestead liens from such provisions only of the preceding articles as allowed a lien to be created when the contract was not in writing, and not executed, and privily consented to by the wife. Resort must be had to the other articles to determine the place and manner of recording liens on homesteads, and there is no reason for not resorting to them to ascertain the time within which the record should take place.

5. MECHANIC'S LIEN—RECORD TIME.—A mechanic's lien has no existence without the record; there must, therefore, be a prescribed time within which to record it, for the owner of the property is not to be kept indefinitely in suspense as to whether or not his property is to be subject to a lien, which may be fixed upon it at the option of another.

6. SAME.—The statute has fixed six months as a reasonable period, and it applies to homesteads as well as other property, since the former are not exempted from the rule by express terms.

7. SAME.—An express agreement in a mechanic's contract that he should have a lien upon the homestead, as provided by law, would not create a lien until all the requirements of the statute were complied with.

8. JURISDICTION.—Suit was brought in a district court to recover a balance of $127.80 on account for materials used in constructing improvements on a homestead, and to foreclose the mechanic's lien. The lien proved defective, but the court below gave a personal judgment against defendant for the $127.80. *Held*, that the lien being of no effect, the court had no jurisdiction, and erred in giving the personal judgment.

APPEAL from Mitchell. Tried below before the Hon. T. B. Wheeler.

This was a suit brought at the March term, 1884, of the District Court of Mitchell county, by Wm. Cameron & Co. against Thomas Marshall and wife, Nannie Marshall, to recover a balance of $127.80 due on account for lumber and material furnished by appellants to appellees for the purpose of constructing improvements upon the homestead of appellees. To secure appellants in the purchase price of the material the appellees executed, acknowledged and delivered to appellants their written contract, dated June 12, 1883, containing a description of the property on which the improvements were to be made, which was the homestead of appellees, and the property described in plaintiffs' original petition, in which they promised to pay to the order of appellants, sixty days after date, the amount due for the materials, with twelve per cent. interest per annum from date, and ten per cent. additional for attorneys' fees, if collected by law. This contract was filed for record in the county clerk's office of Mitchell county on March 4, 1884.

Plaintiffs sought to recover judgment for the balance due for material furnished, together with interest and attorneys' fees, as provided in the contract, and for foreclosure of their lien on appellees' homestead. Appellees answered by general demurrer, and special exception to plaintiffs' petition, in that the contract, by virtue of which appellants claimed a lien on appellees' property, was not filed

in the office of the county clerk within six months after the debt became due; also pleading the general denial; and, further answering, allege that the house and lot upon which the lien was sought to be foreclosed was the homestead of appellees.

The court below sustained the defendants' special exception, and gave judgment in favor of plaintiffs for the full amount of their claim.

*Smith & Merrill*, for appellants, cited:   Const., art. 16, sec. 50; R. S., art. 3174; Barnes *v.* White, 53 Tex.; Swope *v.* Stantzenberger, 59 Tex.

No briefs on file for appellees.

WILLIE, CHIEF JUSTICE.—Our Rev. St., title LXI, ch. 2, provide a method by which mechanics, contractors, material-men and others, may fix, secure and enforce a lien upon the buildings or other improvements they have labored or furnished material to erect or repair, as well as upon the lots of land necessarily connected with such buildings or improvements.

It is clear from reading the entire title that it was the intention of the legislature to prescribe a general scheme, a plan, to be pursued in reference to all such liens as were treated of in that chapter.

It is further apparent from art. 3165 and the three succeeding articles, that it was made an essential towards securing these liens that a record of the contract, or bill of particulars upon which they were founded, should be made in the county clerk's office within six months after the debt for labor or material should fall due.   The time within which the record must be made is distinctly prescribed by art. 3165, and by the terms of that article the record within that time is made necessary to fix and secure the lien provided for in this chapter of the Revised Statutes.   The time within which the record is to be made is not mentioned in any of the subsequent articles, but it is clear that whenever the record is alluded to in any of these articles, a record within six months is intended.   For instance, in art. 3168 it is provided that when such contract or account is filed and recorded it should be deemed sufficient diligence to secure the lien herein provided.   This article construed alone would seem to imply that the record, no matter at what time it might take place, would secure the lien.   But construed in connection with the previous articles, it can mean nothing else than that a record within the six months, as provided in the preceding articles, should be deemed sufficient diligence to secure the lien.   Unless this construction is given to it the pro-

visions of the previous articles as to the time and manner of record are entirely nugatory.

The legislature provided a general plan for securing the lien, but the constitution prohibiting such liens upon the homestead, unless created by written contract executed in a particular way, the legislature found it necessary to make special provisions as to the manner of executing a contract for a lien upon a homestead, to accord with the provisions of the constitution. Hence, in art. 3174 it was provided that such a contract to be binding must be in writing, signed by the husband and wife, and acknowledged by her as in case of a sale of the homestead. This was precisely in accordance with art. 16, sec. 50, of the constitution, and was intended to except homestead liens from such provisions only of the preceding articles as allowed a lien to be created when the contract was not in writing, and not executed and privily consented to by the wife.

It is true the article goes on further to require that the contract should be recorded in the county clerk's office, but this was no more than a declaration that it should not be excepted from the general rules as to record prescribed in all cases when it was sought to fix and secure a mechanic's lien upon property.

It was a provision similar to that contained in art. 3168, and intended to be construed in the same manner. The legislature guarded the contract with all the restrictions imposed by the constitution, and at the same time required the same formalities to be observed in other cases in order to fix, secure and enforce the lien. It did not repeat these requirements, but left them to be gathered from the previous articles of the chapter. It did not say that the contract should be filed with the clerk, or that it should be recorded in a special book kept by him for that purpose, or that it should be accompanied by a description of the lands, lots, houses and improvements made, against which the lien was claimed. Yet nothing can be plainer than that these requirements must apply to a homestead lien, or the clerk's authority to file the paper for record would be doubtful; he would not be informed as to the book in which he should make the record, nor would the owner of the property nor any third party know in what book to look for it, nor, if found without a proper description of the premises, could it be ascertained from the record upon what property the lien was claimed. Nor could it be told without a reference to previous articles to how much land in the country, or to how many lots in a town or city, the lein should extend. For all these important matters we must look to other portions of the law, otherwise the extent of the lien upon the homestead in a given case

would be left in doubt, and the record of a contract made especially sacred by the constitution could be made in the most careless manner, and in a place where it never could be found, and the wife's home could be sold and taken from her under circumstances which would not authorize the sale of any other property. If we can resort to other sections of the law to ascertain the place and manner of the record, there is no reason why we should not resort to them also to ascertain the time within which the record should take place. A mechanic's lien contract is recorded, not for the special purpose of notifying third parties of the existence of the lien, but to secure the lien as between the parties to the contract. The lien has no existence without the record. Hence the necessity of prescribing a time within which the record is to take place. The owner is not to be kept indefinitely in suspense as to whether or not his property is to be subject to a lien which may be fixed upon it at the option of another. The statute has fixed upon six months as a reasonable period for that purpose, and there is no reason why this should not apply as well to homesteads as other property, unless the former are exempted from the rule in express terms.

It being evident that art. 3174 was not intended to contain a complete system of creating and securing a mechanic's lien upon the homestead, it must be read in connection with other articles of the same chapter applicable to the general subject. We must look to them to find out the time, manner and character of the record to be made of the contract, and the amount of property to which the lien may extend; and if we do this we can but conclude that the record must be made within six months after the maturity of the debt which is the subject of the contract and the foundation of the lien.

The contract in this case was made in accordance with the law, but was not recorded within six months after the debt fell due. As the lien of a material-man it was not therefore fixed and secured as required by the statute.

It was agreed in the contract that Cameron & Co. should have a lien, as provided by law, upon the homestead. The proper construction of this agreement would give the plaintiffs a lien under the circumstances provided by the statute. The lien would not spring from the express reservation without a compliance with all the requirements of the law which we have discussed, including a record of the contract within the time prescribed.

In the case of Mundine v. Berwin, 62 Tex., 342, the contract gave a lien as a mechanic's lien under ch. 2, title 61, R. S. In discussing this provision of the contract it was said by this court that it could

not have been intended to require more than that the instrument evidencing the contract should be recorded within the time and in the manner required by the statute.    This much was required under the express agreement in this case, and hence there is no necessity to consider the question as to the right of the parties to such a contract, to agree for an express lien upon a homestead for materials furnished for its repair or construction, which may be secured and enforced without reference to the methods provided by the statute.    We think that the court did not err in refusing to foreclose a lien upon the premises described in the contract as the homestead of the defendants.    The claim sued on, and for which judgment was rendered, was only $127.80.    Of this amount the court had no jurisdiction, and should not have rendered a personal judgment after refusing to foreclose the lien.    (Barnes v. White, 53 Tex., 631.)

For this error the judgment must be reversed and the cause dismissed at the costs of the appellants.

REVERSED AND DISMISSED.

[Opinion delivered May 26, 1885.]

[These two cases of the Austin term of 1885 did not reach the reporter in time to be inserted in LXIII Texas.]