A. GILMER v. W. C. WELLS ET AL.

Delivered December 16, 1897.

Homestead—Improvements—Lien—Subcontractor.

A subcontractor can acquire no lien on a homestead for materials furnished to the contractor, who has a written agreement with the owners, unless an itemized account of the claim is filed in the county clerk's office within ninety days.

APPEAL from Victoria. Tried below before Hon. S. F. GRIMES.

A. B. & W. M. Peticolas, for appellant.—A lien upon a homestead is fixed when the contract between the husband and wife and the contractor is acknowledged and recorded according to law. By the statute, when the lien is thus fixed, it inures to the benefit of the materialman. The provision of the statute for filing an itemized account is to fix the lien when there is no written contract, and to give notice to subsequent purchasers. The Constitution gives the lien, and provides that the Legislature shall provide for its enforcement, but the Legislature has no right to destroy the lien or to hamper it with unreasonable restrictions. The Constitution having given the lien, and the statute directing the method

of fixing it having been complied with, it can not be destroyed by failure to file an itemized account, which the statute does not require to be done to fix the lien, especially when no injury to the owner by such failure is alleged or proved. Johnson v. Improvement Co., 88 Texas, 511; Strang v. Pray, 34 S. W. Rep., 666, 35 S. W. Rep., 1055; Manufacturing Co. v. Maverick, 30 S. W. Rep., 438; 2 Sayles' Civ. Prac., sec. 937.

*Proctors* and *A. S. Thurmond*, for appellees.

PLEASANTS, ASSOCIATE JUSTICE.—The appellant instituted this suit for the recovery of $735.42, the value of lumber furnished by him in the construction of a dwelling built by appellee Wells, under a contract between him and the appellees Thurmond and wife, upon their homestead. The plaintiff prayed judgment against Wells and against the appellee A. S. Thurmond, and for a decree declaring and foreclosing a materialman's lien upon the homestead of Thurmond and wife.

The petition alleged that a contract was made between Wells and the appellees Thurmond and wife for the erection of a dwelling house, to be occupied by them when completed as their residence, said building to be erected upon the lot which Thurmond and his wife then occupied as their homestead; and that said contract provided, among other things, that a certain portion of the price of the building was to be paid in cash, and that 50 per cent of the cost of all material was to be paid in cash at the end of each month; that the total amount due plaintiff was $735.42, with interest, and that $468.39 of this amount should have been paid to plaintiff according to the terms of the contract, but that the same had been paid by Thurmond to Wells, and not to plaintiff. The petition further averred that the lumber was sold to Wells and Thurmond, and that at the end of each month an itemized account of the lumber delivered to Wells for the building was presented to Thurmond by plaintiff's agent; and it was further alleged that the contract between Thurmond and wife and Wells expressly gave a lien to Wells upon the homestead, and that said contract was duly recorded; and the plaintiff prayed in the alternative that, if the court should hold that he was not entitled to recover of Thurmond more than the sums which under the terms of the contract should have been paid him at the expiration of each month in which the lumber was delivered to Wells, he have judgment against Thurmond for this amount, and that said judgment be decreed a lien on the homestead of Thurmond and wife. The plaintiff averred, also, that at the time of the execution of the contract between Thurmond and wife and Wells, the latter executed a bond payable to Thurmond in the sum of $2000, conditioned that he should build the house contracted for in accordance with the terms and specifications of the contract, and that he would pay off all materialmen and all mechanics and laborers furnishing material and performing work or labor in the construction of the house; and that the appellees Weisinger, Heath, Leuschner, and Keeran were the sureties of the said Wells upon said bond, and the bond was made a part of

the petition; and plaintiff prayed judgment against the said sureties for the full amount which might be adjudged to be due plaintiff.

The defendants Weisinger, Keeran, and Leuschner, sureties on the bond given by Wells to Thurmond, answered by special demurrers, and among those are the following: First, that the bond and contract sued on created no beneficial interest in favor of plaintiff; and second, that the petition was insufficient, inasmuch as it contains no amount that plaintiff caused to be filed in the county clerk's office, and recorded in the book there kept for that purpose, an itemized amount of his claim. Thurmond and wife answered by adopting all of the exceptions of the sureties, save the first above given, and by general denial.

The exceptions of the sureties were sustained, as was also the exception of Thurmond that the petition was bad, because it did not show that the claim of plaintiff was recorded in the county clerk's office as by law required; to all of which the plaintiff excepted; and he declining to amend, the sureties on the bond were dismissed, and the cause was tried upon the facts between plaintiff and Thurmond and wife, and defendant Wells, by the judge, without a jury, and judgment was rendered for plaintiff for the full amount of his claim against Wells, but judgment was refused the plaintiff against Thurmond and the sureties of Wells, and his claim of lien upon the property was denied him, and he has appealed from the judgment to this court.

The record does not disclose whether the contract between Thurmond and wife was or was not recorded, but it matters not which may be the fact, from the view we take of the case, and we will assume, in accordance with the contention of the appellant, that the contract was duly recorded in the county clerk's office. The fact is that this contract was one between Thurmond and wife and the contractor Wells alone. It gave by express stipulation a lien in favor of Wells upon the homestead, and Wells contracted for the construction of the building and for furnishing the necessary material, and it appears from the uncontradicted testimony of plaintiff's business man, Heath, who testified for the plaintiff, that he furnished Thurmond with an itemized statement each month of all the lumber delivered during the month to Wells; that none of the lumber was sold to Thurmond, but that it was contracted for by Wells, and delivered to him; and it is conceded that the plaintiff did not record his claim in the county clerk's office in accordance with the provisions of article 3296, Revised Statutes of 1895. It is further conceded that Thurmond had paid the entire price of the improvements to Wells.

Under these facts, we are of the opinion that Thurmond was not personally liable to the plaintiff for the lumber, and that plaintiff acquired no lien on the property. Appellant's contention that article 3304, Revised Statutes, fixes the lien claimed by plaintiff, is not tenable. These two articles must be construed together, to determine the rights and the liberties of the owners of a homestead and those furnishing material for the construction of improvements thereon. The first article, 3296, expressly requires, in order to fix and secure a lien in favor of those who

may furnish material to a contractor or subcontractor of a building, that they shall furnish an itemized account to the owner of the property of the material as the same is delivered, and shall show to the owner the amount due and unpaid, and shall, within ninety days after the indebtedness shall have accrued, file in the county clerk's office of the county in which the property is situated an itemized account of his claim. Article 3304 declares that, when material is furnished upon a homestead, if the owner thereof is a married man, to fix and secure a lien upon the same, it shall be necessary for those furnishing the material, before doing so, to enter into a written contract with the owner and his wife, and which must be privily acknowledged by the wife, as is required in the sale of a homestead, and the same shall be recorded in the county of the homestead, provided that when such contract is made between the husband and the wife and the contractor or builder, and is recorded as heretofore provided, the same shall inure to the benefit of all who may furnish material to such contractor or builder.

From these articles we think it is evident that there can be no lien acquired upon a homestead by a materialman who furnishes material, not to the owners of the property, but to the builder who has contracted with the owners, unless such materialman has complied with the provisions of article 3296. The decisions relied on by appellant do not, in our judgment, hold the law to be as he contends. Those decisions do announce that the Constitution gives the lien to materialmen, independent of the provisions of the statute, but we understand this to mean that the Constitution gives a lien when the contract has been made with the owner of the property by the party asserting the lien. If that contract be not with the owner, but with one who has contracted with him, then the materialman can only acquire a lien by compliance with the provisions of the statute.

The owners of a homestead, by entering into a contract for materials for improvements upon their homestead, put the provision of the Constitution into operation, and give a lien to the materialman when he furnishes the material, without the aid of the statute; so that, as between the parties to that contract, it is not at all necessary that it should be recorded. To this extent do the recent decisions of our Supreme Court go, as we understand them, but no further. Under former decisions, we had conceived the law to be that, without a compliance with the provisions of the statute, not even those who entered into a contract with the owner could secure and fix a lien, unless the contract expressly gave one, without complying with the requirements of the statute. In other words, we had not conceived those provisions of the Constitution to be self-executing. It surely was not the intention of the framers of the Constitution to give a lien upon a homestead to all who, without contracting with the owner, might furnish material or labor for making improvements upon the homestead, without at the same time providing safeguards for the owner of the property against the fraud or delinquency of the party with whom he contracted for the improvements. These safe-

guards are provided in articles 3296 and 3304, and other articles of this chapter of the Revised Statutes.

A cardinal canon for construing statute law requires that effect be given to each section of the statute. Article 3296 by its language makes its provisions applicable to all improvements made upon land, whether the land be a homestead or not. Article 3304 applies to improvements made upon homesteads of husband and wife only, and its purpose is manifestly the protection of the wife against the fraud or the improvidence of the husband. Now, if we interpret the words of the proviso in this article as intended to relieve the materialman from the necessity of contracting with the owners of the homestead, in order to secure a lien upon the property, when the contract required in that article has been made by the builder with the owners, and duly recorded, and to allow him, the materialman, to secure and fix his lien for the lumber furnished the builder, by complying with the provisions of article 3296, we give full force and effect to each of these two articles; but if we interpret the words of the proviso, as appellant insists that we should do, to mean that the materialman, by virtue of the written contract between the builder and the owners of the property, is placed in the same relation to the latter as the builder sustains, and that he is relieved from observing the provisions of article 3296, we render nugatory those articles as applicable to homestead improvements, and we disclose this anomaly in the law: that while it protects the wife from injury by her husband, it leaves both her and him at the mercy of the contractor or builder and those with whom he may contract, and denies to the owners of homestead property those safeguards which are thrown around the owners of property not homestead. Such an interpretation of the proviso of article 3304 involves a statutory incongruity repugnant to the judicial mind, and one which should not be imputed to the Legislature.

We understand from his brief that counsel makes no complaint of the judgment of the court dismissing the defendants Weisinger, Keeran, Heath, and Leuschner, and as what we have said disposes, we think, of all appellant's assignments, the judgment is affirmed.

*Affirmed.*

Writ of error refused.