## ALBERT WALKER ET AL. V. JOHN W. WOODY.

Decided October 21, 1905.

**1.—Homestead—Lien for Improvements—Material—Written Contract.**

In order to subject the homestead to a lien for work and material used in making improvements thereon, such work and material must have been contracted for in writing, with the consent of the wife given in the same manner as is required in making a sale and conveyance of the homestead, and the contract should stipulate that the work is to be done in improving the homestead, and the cost thereof, or if only material is to be used in its improvement, then the purchase of such material and its character and value. Const., art. 16, sec. 50, construed.

**2.—Same—Separate Contract—Mortgage.**

Where the payment of the cost of the work or the price of the material to be furnished is secured by mortgage or deed of trust on the homestead, the contract for such work or material may be incorporated in such instrument, and need not be separate and distinct therefrom, provided it contains the essential ingredients of the contract required by the Constitution.

**3.—Same—Contract by Letters—Notes Secured by Trust Deed.**

Where the husband made by letter a contract for the purchase of fruit trees to be planted on the homestead, and the wife was not a party to the contract, though some of the letters relating thereto were written by her for the husband, and notes were executed by him for the price of the trees, secured by deed of trust on the homestead which was signed and privily acknowledged by the wife, but neither the deed of trust nor the notes showed the contract nor the consideration, no lien was created on the homestead.

**4.—Jurisdiction—District Court—Injunction—Homestead.**

Where the District Court granted, and upon final hearing properly perpetuated, an injunction to restrain the sale of a homestead under a deed of trust, it was error for it, having thus obtained jurisdiction of the case, to dismiss the cross-action of the defendant seeking to recover on the notes, to secure which the deed of trust was given, although the amount so involved was less than $500.

Appeal from the District Court of Dallas. Tried below before Hon. Richard Morgan.

*M. Grimmett,* for appellants.—1. A deed of trust to the homestead

given in consideration of improvements made thereon, if given prior to the passing of such consideration, needs no other written contract for improvements to sustain the lien. Art. 16, sec. 50, Const.; Lippincot v. York, 86 Texas, 176; Luzenberg v. Bexar Bldg. & Loan Ass'n, 29 S. W. Rep., 238; Pioneer Savings & Loan Co. v. Everheart, 44 S. W. Rep., 888.

2. The rule, when the court has acquired jurisdiction of a cause for one purpose and adjudicated some of the issues in controversy, it has jurisdiction for all purposes and should adjudicate all the issues joined, applies to the case at bar. Ablowich v. Bank, 95 Texas, 429.

*M. L. Dye,* for appellee.—The work and material must be contracted for in writing, with the consent of the wife given in the same manner as is required in making a sale and conveyance of the homestead, in order to create the lien. Texas Const., art. 14, sec. 50; West End Town Co. v. Grigg, 54 S. W. Rep., 904.

TALBOT, ASSOCIATE JUSTICE.—This suit was instituted by appellee to enjoin appellants from selling the land described in appellee's petition. It was alleged, in substance, that said tract of land, containing about eight acres, and situated in Dallas County, Texas, constituted the homestead of appellee and his family; that appellant Walker, as trustee, had advertised said land and homestead for sale May 3, 1904, under and by virtue of the terms of a deed of trust given by appellee and his wife on the 19th day of January, 1903, to secure the payment of three promissory notes in the sum of thirty-five dollars each, executed and delivered by appellee, Woody, to appellants Stark Brothers Nurseries & Orchards Company; that unless restrained appellants would sell the homestead of appellee and family as advertised and thereby cast a cloud upon their title to the same. It was further alleged, as a ground for the issuance of the injunction that the notes to secure which the deed of trust had been executed, were given for a part of the purchase money of certain fruit trees bought by appellee from Stark Brothers Nurseries & Orchards Company; that the first of said notes to fall due and which provided that default in its payment when due matured the other notes, had been discharged by offsets or counterclaims in the nature of damages resulting from a breach of the contract of purchase and shipment of said trees. It was also alleged that the said notes and deed of trust were not given for the purchase money of the land and premises in controversy, nor any part thereof, nor for the taxes due thereon, nor for work and material used in constructing improvements thereon, nor for either such work or material. The writ of injunction was granted and appellee's petition filed. Defendants pleaded general and special demurrers, the general issue, and specially and by way of cross action, among other things, the execution and delivery of the said notes and deed of trust by appellee and the signing and privy acknowledgment of the deed of trust' by appellee's wife. Appellants further alleged that the consideration of said notes and deed of trust was the sale and delivery to appellee, Woody, of certain fruit trees to be planted on the land involved herein, and that said trees were "material" for the improve-

ment of said land and appellee's said homestead, and prayed for judgment on said notes and a foreclosure of their deed of trust. Appellants' demurrers to that portion of appellee's petition setting up a claim for damages on account of the alleged breach of the contract with respect to the purchase and shipment of the fruit trees were sustained. The case went to trial before the court without a jury upon the remaining portion of appellee's petition and the pleas and cross action of appellants. The court rendered judgment in favor of appellee perpetuating the injunction, but declined of its own volition to entertain jurisdiction of appellants' cross action and dismissed the same, holding that inasmuch as the amount of the debt declared on in said cross action was less than five hundred dollars, it was a matter of discretion with the court as to whether it would hear and determine said action. Appellants excepted to the rulings and judgment of the court and appealed.

No statement of facts is contained in the record, but the trial judge filed conclusions of fact, which we adopt, and which are as follows: "Plaintiff is a married man, head of a family, and the land in controversy herein is a part of the homestead of said family, and was a part of said homestead at the time of the execution of the deed of trust thereon which is sought to be conceled herein and foreclosure of which is sought herein. The indebtedness evidenced by the notes attempted to be secured by said deed of trust was for the purchase price of certain trees (1,000 in number) purchased by plaintiff from the defendant Stark Brothers Nurseries & Orchards Company, these fruit trees plaintiff intended to plant, and many of them (749 in number) he did plant on the aforesaid tract of land. The contract for the purchase of said trees was made by letters, and as a result of said correspondence plaintiff by letter ordered certain fruit trees and sent the aforesaid notes and deed of trust, and the said notes and deed of trust were received by defendant before they shipped the fruit trees to plaintiff which he had ordered as aforesaid. Plaintiff's wife was not a party to this correspondence, although some of the letters signed by plaintiff were written wholly or in part by plaintiff's wife at plaintiff's dictation, the plaintiff being at the time sick in bed. Aside from the aforesaid deed of trust, which was signed by both plaintiff and his wife and duly acknowledged by both as required by law, there has been no contract between plaintiff and defendants or either of them which has been signed by plaintiff's wife, or to which she was a party or acknowledged as deeds are required to be acknowledged, by either the plaintiff or his wife. Neither the deed of trust nor the notes show what the contract between the parties was, nor what was the consideration for said notes."

The assignments of error present but two questions: First, did the court below err in its conclusion of law that the land and premises, the sale of which appellee sought to enjoin in this suit, was not subject to the lien claimed thereon by appellants? Second, did the court below err in refusing to entertain jurisdiction of appellants' cross action and determine their right to recover a judgment against appellee upon the notes set up therein?

We are clearly of the opinion that the trial court, under the fore-

going facts, correctly decided the first question. That the land and premises involved constitute a part of appellee's homestead is uncontroverted. Whether the fruit trees sold to appellee and planted upon his homestead come within the meaning of the word material, as that term is used in article 16, section 50, of the Constitution, is a question not necessary to be determined in this case, and we do not decide it; but conceding, for the sake of argument, that such trees, when purchased for that purpose and planted upon the homestead, constitute "material" used in the construction of improvements thereon, as contemplated by the framers of the Constitution and within the meaning of the provisions of the section and article mentioned, still we think the action of the lower court in holding that appellants, under the facts in this case, had no lien upon appellee's homestead and in perpetuating the injunction sued out, must be sustained. Except for the purchase money or a part thereof, the taxes due thereon, or for work and material used in constructing improvements thereon, the homestead of a family in this State is absolutely protected from forced sale. To remove this shield of the Constitution and authorize a sale of the homestead for work and material, or either, used in making improvements thereon as provided in the exception to the general provision of exemption, it must be shown that such work or material, or both, as the case may be, was contracted for in writing with the consent of the wife given in the same manner as is required in making a sale and conveyance of the homestead. (Const., art. 16, sec. 50.) This contract must be in writing, as is required by the Constitution, and by its express terms should stipulate that work is to be done in improving the homestead, and the cost thereof, or if only material is to be used in its improvement, then the purchase of such material and its character and value. If it is desired to secure the payment of the cost of the work, or the price of the material to be furnished, by mortgage or deed of trust upon the homestead, we think the contract for such work or material may be incorporated in such instrument, and if duly executed by the parties to be affected thereby as is required in the conveyance of such homestead, the demands of the law will have been met. We do not think it necessary, in order to create and fix a lien upon the homestead for work or material used in its improvement, and payment therefor is sought to be secured by a mortgage or trust deed, that the contract required by the Constitution to be executed by the husband and wife must be separate and distinct from such mortgage or deed of trust. If the mortgage or deed of trust, in addition to the usual provision of such instrument, contains the essential ingredients of the contract contemplated by the Constitution, and is executed by the husband and wife with the formalities required in the sale and conveyance of the homestead, such instrument will fix a valid lien upon the same. As said, however, the contract, in whatever form put, must be an express written contract. "No lien can be fixed and no foreclosure had upon the homestead by an implied written contract, or by an express oral contract." (West End Town Co. v. Grigg, 54 S. W. Rep., 904.) The article of the Constitution referred to above, requires that the consent of the wife be given to the incumbrance of her homestead for work and material used in its betterment, and this

consent must be evidenced by her privy acknowledgment of the instrument creating such incumbrance. This implies a knowledge on her part of. the nature and extent of the improvements to be made, and the privy acknowledgment required, when the instrument did not upon its face show that work or material was being contracted for to be used in improving her. home and the extent and charge therefor, would not evidence such knowledge and consent, and hence such an instrument would be ineffectual for the purpose of creating a lien upon the homestead. As said in the case of West End Town Co. v. Grigg, supra, "One of the main objects in requiring the wife to join in the contract for improvements is to get her consent and to apprise her fully of the character and cost of the improvements to be made." And we may add that this can only be made to appear by the express terms of the contract acknowledged, as before stated. Now it is not contended that the deed of trust sought to be foreclosed in this case, by its terms evidenced a contract entered into by appellee and his wife for the purchase of fruit trees to be set out in their homestead. The deed of trust given to secure the payment of the notes declared on by appellants evidently expressed no other consideration than the notes themselves, and made no mention of fruit trees as being therein contracted for to be planted on appellee's homestead; and no separate written contract was signed and acknowledged by appellee's wife. The trial judge's findings, as has been seen, recites that "neither the deed of trust nor the notes show what the contract between the parties was, nor what was the consideration for said notes." The trial court correctly held that the facts in this case were insufficient to establish and fix upon appellee's homestead appellants' alleged lien, and the judgment perpetuating the injunction restraining the sale of said homestead will be affirmed.

We are of opinion that the court below erred in dismissing appellants' cross action upon the notes. It is doubtless true that the decisions upon the question are somewhat conflicting and confusing. We think, however, the rule of practice announced in the case of Ablowich v. Greenville Nat. Bank, 95 Texas, 429, and the authorities there cited, should control and be observed under the facts in the instant case. In the case of Stein v. Frieberg, Klien & Co., 64 Texas, 271, cited in the Ablowich Case, supra, an injunction, as in the case at bar, had been sued out in the District Court to prevent the sale under an execution issued out of the Justice's Court of exempt property of the alleged value of $150. Upon demurrer the case was dismissed, because, as the judge held, the court was without jurisdiction. The Supreme Court, upon appeal, speaking through Chief Justice Willie, said: "This being a proper case for the interposition of a court of equity to prevent a sale of property, under execution, which the law had especially exempted from forced sale, there was no doubt under the decision cited (County of Anderson v. Kennedy, 58 Texas, 616), but that the District Court had power to issue the injunction, regardless of the amount involved;" and that "where the District Court has obtained jurisdiction of a cause by reason of an injunction, it is authorized to retain cognizance of it for all the purposes of the suit. The full merits of the controversy, as presented by either party, will be adjudicated.

The case of Seymour v. Hill, 67 Texas, 385, is cited and approved in the Ablowich case, and, as stated in the opinion in the latter case, "a judgment of the justice of the peace had been enjoined by a writ issued out of the District Court, and it was held that the court thereby obtained jurisdiction of the whole subject matter, including the debt originally sued upon in the Justice Court, and the District Court gave judgment for the debt upon the principle that, having obtained authority over the suit, the court will retain it for the purpose of administering such relief as the pleadings and the evidence show the parties entitled to, although it would not have entertained jurisdiction of the debt as an original action in that court."

We think the rule announced in these decisions is in line with the spirit and purpose of our law to avoid a multiplicity of suits, and no good reason is perceived why it should not have been adhered to in this case. We are aware that it has been said by our Supreme Court in the case of Western Union Tel. Co. v. Arnold, 97 Texas, 365, 79 S. W. Rep., 8, that the general rule laid down in the decisions to which we have adverted, "is not of universal application," and that one of the exceptions to it exists in that case. The cases are dissimilar, and the present case does not, in our opinion, fall within that exceptional class to which the remarks in the Arnold case refer. Here the jurisdiction of the District Court was invoked and rightfully exercised by reason of the injunction sued out to prevent the sale of appellee's homestead. His homestead had been advertised for sale under a deed of trust given to secure the payment of the notes set up in appellants' cross action, and the court's jurisdiction to issue the writ and grant the relief prayed for is not, and can not be, questioned. In this same proceeding, and in connection with the exercise of jurisdiction to award appellee relief, appellants sought a recovery upon the notes. This they were authorized to do, and entitled to have a hearing and adjudication of their right of recovery on said notes. This right of adjudication we regard as absolute in a case like this, and not dependent upon the will, nor subject to the discretion, of the trial judge. This view of the law is not inconsistent with the holding in the case of the Western Union Tel. Co. v. Arnold, supra. On the contrary, it is in line with that decision. It is held in that case and reaffirmed in the case of Carswell & Co. v. Habberzettle, 12 Texas Ct. Rep., 786, "that although the amount claimed in the petition may be sufficient to give the court jurisdiction of the case, yet if the facts alleged be such as to show no cause of action as to such part of the whole sum sued for, as to reduce it below the amount for which the court has jurisdiction, the suit should be dismissed." We think it is established by these decisions that in such cases no discretion is allowed, but that the case must be dismissed. In the Arnold Case, after the amount sued for had been reduced by the sustaining of a demurrer to a sum below the jurisdiction of the court, jurisdiction was retained and judgment rendered for the amount remaining. On appeal this was held to be error and the cause reversed. So we hold that the court having acquired jurisdiction in this case by the injunction proceedings, and the same having been retained throughout the trial, appellants were entitled to an adjudication of their right to recover on their notes.

The judgment of the court below perpetuating the injunction is affirmed, and its judgment dismissing appellants' cross action, wherein they seek a personal judgment against appellee on the notes set up, is reversed and the cause as to that part of said cross action, remanded for trial.

*Affirmed in part.*

*Reversed and remanded in part.*

Writ of error refused.