HERRING v. BARBER et al.    (No. 8803.)

(Court of Civil Appeals of Texas. Ft. Worth. March 2, 1918. On Rehearing, April 6, 1918.)

1. MECHANICS' LIENS ☞73(2)—HOMESTEAD—AGREEMENT—STATUTE.

In the absence of express agreement, persons who furnish labor or material to the contractor to erect a building on a homestead have no lien of any character, and if there is an express agreement that the contractor shall have a lien on the homestead, it will not create a lien, unless the requirements of Vernon's Sayles' Ann. Civ. St. 1914, art. 5631, are complied with.

2. MECHANICS' LIENS ☞73(2)—HOMESTEAD—DEED OF TRUST.

Where husband and wife give a deed of trust on their homestead, which does not show the contract for the erection of a building thereon, or the consideration, such deed of trust, though duly executed by both husband and wife, does not create a lien on the homestead under Vernon's Sayles' Ann. Civ. St. 1914, art. 5631, or Const. art. 16, § 50.

3. HOMESTEAD ☞99—MORTGAGE—SECURITY FOR NOTE—INVALIDITY.

A deed of trust on a homestead to secure payment of a note given by husband and wife to their contractor to erect a building is invalid where there is no contract in writing for the work and material, though the money secured on the note is afterwards used to improve the homestead.

4. MECHANICS' LIENS ☞62 — HOMESTEAD — MATERIALMAN—STATUTE.

There can be no lien upon a homestead acquired, under Vernon's Sayles' Ann. Civ. St. 1914, art. 5631, by a materialman who furnished material for a building erected thereon, not to the owners of the homestead, but to the builder who contracted with the owners, unless such materialman has complied with the statute.

5. MECHANICS' LIENS ☞86—NOTES TO MATERIALMAN—RIGHT OF CONTRACTOR.

A contractor to erect a building is not entitled to a lien to secure notes given by the owners of the land, not to him, but to a materialman.

6. MECHANICS' LIENS ☞62—LIEN OF MATERIALMAN—HOMESTEAD.

A mere reference to the contract between the contractor to erect a building on homestead land and the owners of the homestead, in the deed of trust given to a materialman, did not create a lien in favor of the materialman against the homestead.

Appeal from District Court, Tarrant County; Ben M. Terrell, Judge.

Suit by W. E. Herring, as guardian, against A. C. Barber and others. From a judgment for defendants Barber, plaintiff appeals. Reversed and rendered.

E. H. Ratcliff and A. W. Christian, both of Ft. Worth, for appellant. A. J. Clenden, of Ft. Worth, S. C. Padelford, of Cleburne, and Ike A. Wynn, of Ft. Worth, for appellees.

BUCK, J. In 1910 Geo. M. Herring and wife contracted with J. Thomas Franklin to construct for them a house on a certain lot owned by them. On June 29, 1910, they entered into a written contract, duly acknowledged, with Franklin, from which contract the following quotations are taken:

"Said improvements and all labor and material therefor shall be constructed, erected, built and finished in accordance with the plans and specifications made for same in writing by the parties hereto, duplicate copies of which are in the possession of each of the parties, and to which reference is now here made, and said improvements and the material and labor for same are to be furnished and delivered and constructed at the sole cost and expense of said contractor, J. Thomas Franklin. And the said improvements shall be delivered as aforesaid by said contractor on or before said date, free and clear of any and all liens and incumbrances for or on account of any labor or material furnished for same, except as hereinafter provided, to wit: Two promissory notes for the sum of $600 each, with interest at 10 per cent. per annum of even date herewith and due three years after date, which said notes shall be a

first lien on said property; and 25 notes due in monthly installments of $40 each, beginning August 1, 1910, and one note for $49, payable one month after the last of the above 25 notes, all bearing interest from maturity at the rate of 10 per cent. interest per annum, and providing that the failure to pay any one of such installments shall mature each and all of said notes. And in consideration of the undertaking and faithful performance by the said contractor of his part of this contract, the said George M. Herring and wife hereby agree and bind themselves, their heirs and assigns, to pay to the said contractor, his heirs and assigns, the full sum of two thousand two hundred and forty-nine dollars ($2,249), to be paid as follows, to wit: $1,200 cash, the balance in 26 monthly installments, beginning August 1, 1910, 25 of said installments being evidenced by promissory notes for the sum of $40 each, and one for the sum of $49, executed by the said George M. Herring, payable to the said J. Thomas Franklin, with interest from maturity at the rate of 10 per cent. per annum, and it is agreed that said notes shall be a second lien on said property, subject to a lien of $1,200 in favor of Barber Lumber & Mill Company."

The contract further provided that should the Herrings fail to pay the $1,049, or any part thereof, when due, the same should bear interest at 10 per cent. per annum, and provided for attorney's fees and the reservation of a "statutory lien" on the real estate and improvements to secure the debt. It was further provided that should the Herrings fail to pay the $1,049 to said contractor, "and any corporation or other person should pay same, or any part thereof, at the request of said Geo. M. Herring and wife, all the rights, liens and remedies under this contract shall inure to the benefit of such corporation or other persons so paying said sum, or any part thereof." On same date, by written transfer, duly acknowledged, Franklin assigned to the Barber Lumber & Mill Company in consideration of $1,049 paid the 26 promissory notes heretofore mentioned, "together with mechanic's, contractor's, and materialmen's lien upon the real estate and improvements thereon, hereinbefore described." On same date Herring and wife executed and acknowledged a deed of trust to I. W. Jarrell, trustee, on the described real estate, in trust, to secure the payment of two notes, of even date, executed by Geo. M. Herring, payable to Barber Lumber & Mill Company, each in the principal sum of $600, due three years after date. It was provided in this instrument that:

"Said two notes to be a prior and superior lien upon said property, and the following described notes to be second and subsequent thereto; 25 notes for the sum of $40 each, and one note for the sum of $49, all dated June 29, 1910, * * * each of said notes executed by Geo. M. Herring and payable to J. Thomas Franklin."

Among the covenants on the part of the Herrings in this instrument contained were that they had a good perfect title in fee simple to the land conveyed, and the right to execute the instrument, and that they had done no act or thing to incumber said property, and that there were no incumbrances thereon.

Franklin completed the house and the same was accepted by Herring on September 15, 1910. It was admitted as part of the agreed facts that at the time of the execution by the Herrings of the various instruments hereinabove described that the lot or tract of land mentioned was the homestead of Herring and his family; that both Geo. M. Herring and wife died prior to the institution of this suit; that W. E. Herring, appellant, had been duly appointed as guardian of the estate of the minor children of said Geo. M. Herring and wife, and had duly qualified as such; that the 26 promissory notes, aggregating $1,049, executed by Herring to Franklin, and all interest thereon, had been duly paid and satisfied.

This suit was instituted by W. E. Herring, as guardian, against Jarrell, as trustee, and individually against A. C. Barber and R. S. Barber, who constituted the Barber Lumber & Mill Company, to cancel the deed of trust aforementioned, and to remove cloud from title. Defendants answered by general demurrer, general denial, and pleaded in reconvention and as a cross-action against the plaintiff, as guardian, for recovery on the two notes of $600 each, given by Herring to the Barber Lumber & Mill Company, and for foreclosure of a mechanic's lien and deed of trust lien alleged to be held against the property in controversy. By supplemental petition plaintiff pleaded that the property involved was the homestead of Geo. M. Herring and family at the time of the execution of the alleged deed of trust, and denied that any mechanic's or builder's lien was held by the Barber Lumber & Mill Company, and denied that Franklin had transferred and assigned to said Lumber & Mill Company any mechanic's or builder's lien, and alleged that the contract between Franklin and Herring provided that Franklin could not assign any lien reserved without the consent of Herring and wife, and alleged that no such consent had been given. It was further pleaded that said assignment in no event operated as a transfer of any lien held by Franklin, except to secure the 26 notes aggregating $1,049, all of which had been fully paid and satisfied.

It was further pleaded that at no time did Herring and wife enter into any contract with the Barber Lumber & Mill Company for the furnishing of material or the performance of labor on their homestead. Wherefore they prayed as in their original petition. The cause was submitted to the court, without the aid of a jury, and from a judgment in favor of the Barbers for the amount of the two $600 notes, with accrued interest, amounting to $1,387.05, plaintiff has appealed. A. C. Barber was the only living witness who testified in the trial court, the other evidence consisting of the admitted facts heretofore recited, and the introduction of the several instruments in writing heretofore mentioned. Barber, after identifying the various instruments introduced, testified that Franklin

built the house, and that prior to the execution of the instruments mentioned he had an agreement with Franklin with reference to the matter, and all of the terms of the contract were agreed upon between him and Franklin, how the notes should be handled, and how the material should be furnished and paid for; that Franklin was not able to buy the lumber and material to build the house; that Herring furnished the lot, and the Barber Lumber & Mill Company furnished all the material and paid the contractor; that the contractor's pay roll was paid each week; that the contractor did the work on the building for a specified amount, and when his work was finished the Barber Lumber & Mill Company paid him the balance, after having paid all his labor while the work progressed; that no lumber or material was furnished before the papers were executed, and no money was furnished before the material and lumber were furnished.

If the appellees are entitled to judgment of foreclosure of their alleged lien it must be on the theory that they complied with the terms of article 5631, Vernon's Sayles' Tex. Civ. Stats., which provides in part:

"When material is furnished, labor performed, erections or repairs made upon a homestead, if the owner thereof is a married man, then to fix and secure the lien upon the same, it shall be necessary for the person or persons who furnished the material or performed the labor, before such material is furnished or labor is performed, to make and enter into a contract in writing, setting forth the terms thereof, which shall be signed by the owner and his wife, and privily acknowledged by her, as is required in making sale of a homestead."

The Constitution of the state of Texas (article 16, § 50) provides in part:

"No mortgage, trust deed, or other lien on the homestead shall ever be valid, except for the purchase money therefor, or improvements made thereon, as hereinbefore provided, whether such mortgage, or trust deed, or other lien, shall have been created by the husband alone, or together with his wife."

[1-6] It will be noted that in the contract between the Herrings and Franklin, the Herrings bound themselves to pay the contractor "$1,200 in cash, and the balance in twenty-six monthly installments," etc. Whether this $1,200 was the estimated profit of Franklin under the contract, and the $1,049 evidenced by the 26 installment notes was intended to cover the material and labor items, we are left in doubt, except so far as light may be shed through the testimony of Barber, but the two $600 notes were not executed to Franklin, neither did he have a lien to secure the payment of the same. According to Barber's testimony, Franklin did not furnish the material or pay for the labor expended on the erection of the building. It might be a question whether under article 5631 a lien could be fixed on a homestead to secure the payment of a contractor's profit on the contract (see Summerville v. King, 98 Tex. 332–341, 83 S. W. 680; B. & L. Ass'n v. Griffin, 90 Tex. 480, 39 S. W. 656; Walters

v. Texas B. & L. Ass'n, 8 Tex. Civ. App. 500, 29 S. W. 51, writ denied as to attorney's fees); but it is not necessary for us to decide that question, and we do not express any opinion with reference thereto. But so far as the indebtedness to Franklin is concerned, evidenced by the 26 notes, no valid lien exists against the property, since that debt has been paid in full. In Colleps v. Lumber Co., 185 S. W. 1043, it is said:

"There is only one way known to the law by which one who furnishes material or labor for the erection of, or labor made upon, the homestead, to fix and secure a lien upon the same," that is, by complying with article 5631, supra.

It has been held that an express agreement in a mechanic's contract that he shall have a lien upon the homestead as provided by law will not create a lien until the requirements of the statute have been complied with. Cameron v. Marshall, 65 Tex. 7; B. & L. Ass'n v. Logan, 33 S. W. 1088. In the absence of such contract, those who furnish labor or material to the contractor have no lien of any character. Colleps v. Lumber Co., supra, and cases there cited. See, also, Ellerman v. Wurz, 14 S. W. 333, in which the Supreme Court says:

"To obtain and fix the material or mechanic's lien authorized by these provisions, the prescribed requirements must be strictly followed and complied with."

A deed of trust on the homestead, which does not show the contract, or the consideration, although duly executed by both husband and wife, does not create a lien on the homestead under the statute or under the Constitution. Walker v. Woody, 40 Tex. Civ. App. 346, 89 S. W. 789, writ of error denied. "No lien can be fixed, and no foreclosure had, upon the homestead by an implied written contract or by an express oral contract." West End Town Co. v. Griggs et ux., 54 S. W. 904. While the decision of the Court of Civil Appeals in this case was reversed by the Supreme Court in 93 Tex. 451, 56 S. W. 49, yet the reversal did not affect the soundness of the announcement by the Court of Civil Appeals quoted above. A deed of trust on a homestead to secure the payment of a note is invalid, there being no contract in writing for work and material, even though the money secured on the note was afterwards used for the purpose of improving the homestead. Girardeau v. Perkins et al., 59 Tex. Civ. App. 552, 126 S. W. 633, writ denied. There can be no lien acquired under this statute upon a homestead by a materialman who furnished the material, not to the owners of the property, but to the builder who has contracted with the owners, unless such materialman has complied with the provisions of the article. Gilmer v. Wells, 17 Tex. Civ. App. 436, 43 S. W. 1058, 1060, writ denied. Appellees cannot claim a lien by virtue of a contract between the Herrings and Franklin, for under this contract Franklin was to receive $1,200 cash, to secure

which no lien was retained by him, and $1,-049 in notes, all of which has been paid. The reference in this contract to the two $600 notes does not disclose that said notes were given for material or labor to be expended, nor does the evidence show how much, if any, of the $1,200 was so expended on the homestead. Moreover, the notes were not given to Franklin, and therefore Franklin would not be entitled to a lien to secure the same. Under the deed of trust given for the benefit of the lumber company no contract is set out by the terms of which it is shown that the debt therein attempted to be secured is for improvements on the homestead. It cannot be held that a mere reference to the contract between Franklin and the Herrings in the deed of trust given by the Barber Lumber & Mill Company created a lien in favor of the company against the homestead.

We are of the opinion that the court erred in adjudging that the appellee herein had a valid lien upon the premises involved, and in granting the foreclosure. The judgment of the trial court is reversed, and the judgment here rendered for appellant.

Reversed and rendered.

### On Rehearing.

It is urged that the case of Lippencott v. York, 86 Tex. 276, 24 S. W. 275, is an authority for the proposition that a husband and wife may by contract fix a lien on the homestead for labor performed thereon and material furnished, independently of any statutory provision. We do not so understand such decision. By reference to the questions certified, especially to questions 2, 3, 4, and 5, it will be noted that the Supreme Court made a distinction between liens created by law under article 16, § 37, of the state Constitution, such as mechanic's liens, materialman's liens, etc., and liens created by contract. After quoting article 16, § 50, of the Constitution, the court said:

"This section of the Constitution,· while it operates as a restriction on the power of a husband and wife to impose charges upon the homestead, recognizes their power to do this by mortgage, trust deed, or other lien to secure payment for work or labor used in constructing improvements upon it; and in the absence of legislation declaring the only mode in which this may be done, no good reason is perceived why it may not be mortgaged to secure a debt contracted as a debt must be to bind the homestead for labor or material used in improving it."

After quoting article 16, § 37, of the Constitution, and discussing the same, the court further said:

"Liens by contract take effect from time of execution, and have no retroactive effect as to third persons. Mechanics' and like liens, when fixed and secured, as to the improvements made, will be given priority over a mortgage or like lien existing on the land at the time the facts occur which give right to such lien; while a lien created by contract solely will attach to improvements subsequently made on the land covered by the lien, and will not give way to a junior lien of the same character coming into existence after the improvements were made. * * * The power of a husband and wife, in the manner prescribed by the Constitution, to give lien on homestead, by express contract, to secure payment of indebtedness incurred for work or material used in constructing improvements· on the homestead, is made clear by the Constitution, which speaks of mortgages and trust deeds, which can exist only through contract. * * * The contract husband and wife must make before lien for work or material used in improving their homestead can exist under the statute need not state that it is the intent to give lien to the contractor, and such a statement might not defeat the right of a contractor to fix and secure the statutory lien; but when the agreement or contract made by the parties evidences intention thereby to give lien, then lien exists by force of the contract, and may be enforced under the rules applicable to such liens. * * * A contract made under such circumstances ought to be sustained, unless in violation of express law or contrary to public policy. There was no law in force expressly prohibiting such a contract."

By reference to the first question contained in the certificate, it will be seen that the contractor who erected the improvements complied with the requirements of the law as to the fixing of the mechanic's lien, and that said contractor, while said mechanic's lien was in force, assigned the debt, together with the lien, to a third person, to whom the husband and wife executed a deed of trust upon the homestead, which was privily acknowledged by the wife, and that the husband and wife executed to the assignee certain notes, and that such assignee agreed with the husband and wife to extend the original debt and lien for a period of years. The question propounded was, Did such deed of trust constitute a valid lien upon the homestead? In this case the mechanic's lien was fixed on the homestead, and the only question involved was as to whether under the contract described between the husband and wife and the assignee the extension of the debt and lien would invalidate the lien against the homestead. To the question propounded the Supreme Court answered in the affirmative. Under the statute as it then existed the mechanic's lien given the contractor by law would have ceased to be operative if suit had not been brought to enforce it within 12 months after it was fixed, although the debt secured by it was still valid and might be enforced through a personal judgment. See Acts of 20th Legislature, p. 114,· § 17, of said act. In regard to the liens created by law, irrespective of contract, it was held that it was necessary to enforce them in the time and in the manner required by the statute; while, on the other hand, it was held that the husband and wife might, by an express contract complying with the requirements of the Constitution, extend the lien so fixed by the contractor, and that it might be enforced in the time and manner specified by the contract. We think this is the full extent of the holding in the cited case. The statute, as it was then and as it is now, and the Constitution require that in order to fix a lien upon

the homestead for work and material used thereon the contract shall be in writing, and executed by the wife in the manner and form required in making a sale and conveyance of a homestead. The statute then required, as it does now, that such writing executed by the wife must contain the terms of the contract.

The appellees' counsel urges that it would be unjust, even unconscionable, to deny appellees a recovery in this case, since it is insisted the facts show that appellees furnished all the material, paid for all the labor going into the improvements, and that it is admitted that the Herrings only paid $1,049, with interest thereon, leaving unpaid on the contract price the amount of $1,200, represented by these two $600 notes. But the Constitution and the statute require certain things to be done and certain steps to be taken before a lien can be fixed on a homestead owned by a married man. The directions are plainly given so that he who advances his money, furnishes his material, or expends his labor may be protected. If he fails to follow the directions, he must bear the consequences. The courts are powerless to help him. It is not a question of equity so much as it is a question of compliance vel non with the constitutional and statutory requirements.

Motion for rehearing is overruled.