**Harry HERRINGTON, d/b/a Palestine Ready-Mix Concrete Company, Appellant,**

v.

**Tommy L. LUCE et al., Appellees.**

**No. 679.**

Court of Civil Appeals of Texas, Tyler.

Feb. 15, 1973.

John O. Davis, Palestine, for appellant.

Franklin C. Williams, Palestine, for appellees.

MOORE, Justice.

Plaintiffs, Tommy L. Luce and wife, Carolyn Luce, sued defendant, Roy Dancer, to remove a cloud on the title to their homestead created by a mechanic's and materialman's lien contract between plaintiffs as owners and Roy Dancer as contractor. In answer to the suit Dancer admitted the execution of the mechanic's lien contract, but denied the validity thereof, alleging that the same was executed by him merely as an accommodation to plaintiffs to assist them in borrowing money from the bank. Dancer also filed a cross action against plaintiffs for $2,843.48 for labor and materials furnished plaintiffs alleging that the only contract he had with plaintiffs was an oral contract whereby plaintiffs were to pay him and his employees for their labor and reimburse him for the materials supplied by him. In an alternative plea he prayed that in the event the court found the mechanic's lien contract to be valid, the lien be foreclosed. Harry Herrington, doing business as Palestine Ready-Mix Concrete Company, appellant herein and intervenor below, intervened in the suit alleging that he supplied concrete for the foundation of the house at the request of Dancer in the amount of $970.15 and he sought to establish a derivative materialman's lien by virtue of the provisions of Article 5460, Vernon's Ann.Tex.Civ.St. He prayed for judgment against plaintiffs (owners) for $970.15 and for a foreclosure of the mechanic's and materialman's lien and in the alternative for judgment against Dancer.

The trial court, sitting without a jury, entered judgment cancelling the mechanic's and materialman's lien contract and removing the cloud cast upon plaintiffs' title by reason of said mechanic's and materialman's lien contract. The judgment also decreed that defendant, Roy Dancer, take nothing by his cross action; that intervenor, Harry Herrington, have judgment against defendant, Roy Dancer, for $970.-00; and that intervenor Herrington take nothing against plaintiffs (owners). Only appellant, Harry Herrington, appealed from the judgment.

At the request of the appellant the trial court made the following material findings: (1) that the land on which the house was to be constructed was the homestead of appellees; (2) that they executed a promissory note to Dancer in the amount of $3,114.00 which included the sum of $614 unearned interest; (3) that on May 20, 1971, before any materials were furnished or any labor performed appellant executed to Dancer a mechanic's and materialman's lien contract wherein Dancer agreed to furnish all labor and materials for the construction of the house within 90 days; (4) that no other contract was entered into between appellees and Dancer; (5) that the mechanic's lien contract was not substantially performed by Dancer; (6) that he defaulted in the performance of his contract and abandoned the job prior to August 28, 1971; (7) that on June 10, 1971, appellant furnished concrete which was used in the construction of the house at the request of Dancer and the market value thereof was $970.00; (8) that appellees (owners) never contracted for the concrete or led appellant to believe they would pay for same; (9) that on October 6, 1971, appellant notified appellees by United States Mail of his claim against Dancer; and (10) that on November 3, 1971, appellant filed an itemized verified account with the County Clerk of Anderson County, Texas, which was recorded in the mechanic's lien records of said county. In the conclusions of law, the trial court found (1) that because the contractor, Dancer, failed to substantially perform the contract and failed in his pleadings to pray for judgment against the owners for any amount which might be due him under the terms of the mechanic's lien contract,

no lien can be fixed on appellees' homestead; (2) that appellant was not entitled to recover any amount against the appellees and was not entitled to a lien on their homestead and that appellant (intervenor) was entitled to judgment against Dancer for $970.00 for the concrete furnished at his request.

The record reveals that prior to abandoning the job Dancer furnished labor and materials in excess of the sum of $2,500.00. It is without dispute that appellees have never paid Dancer or anyone else any amount on the contract. It is likewise undisputed that appellees were required to expend the sum of $1,226.65 to complete the house and that this expenditure constitutes the total amount expended by them on the house.

The mechanic's lien contract contains this provision:

"It is further agreed that a failure to complete said improvements, or failure to complete the same according to contract, shall not defeat said indebtedness and lien, but in such case the indebtedness and lien upon said premises and improvements shall exist in favor of said party of the second part, his heirs and assigns, for said contract price, less such an amount as would be reasonably necessary to complete said improvements according to the said plans and specifications."

Appellant seeks a reversal by two points of error. He contends that as a subcontractor, the mechanic's and materialman's lien between Dancer and appellees inured to his benefit by virtue of Article 5460, and that even though Dancer failed to complete the contract, a lien nevertheless existed under the above quoted provisions of the contract for the contract price less the amount necessary to complete the contract. Therefore, he contends that the court erred in refusing to grant him judgment for $970.15 and in refusing to en-force payment by foreclosure of the lien. Appellees, while arguing that no lien existed because the house was never completed, say that even so, appellant was not entitled to a lien because he failed to comply with the "notice" provisions of Articles 5452 and 5453 et seq.

■ It is without dispute that appellant did not comply with Articles 5452 and 5453 et seq. Therefore, assuming arguendo that a valid lien existed in favor of the contractor, Dancer, the controlling question is whether appellant, as a derivative lien claimant under the mechanic's and materialman's lien contract, is entitled to a lien on appellees' homestead under Article 5460, supra, even though he failed to comply with the provisions of Articles 5452, 5453 et seq. We have concluded that he is not.

Article 16, Section 50 of the Texas Constitution, Vernon's Ann.St., provides in part:

"Sec. 50. The homestead of a family shall be, and is hereby protected by forced sale, for the payment of all debts except * * * for work and material used in constructing improvements thereon, and in the last case only when the work and material are contracted for in writing * * *."

Article 5460, Vernon's Ann.Tex.Statutes, provides that liens may be fixed upon a homestead for improvements by a contract in writing. The last sentence of the statute provides as follows:

"When such contract has been made and entered into by the husband and wife and the contractor or builder, and the same has been recorded, as heretofore provided, *then the same shall inure to the benefit of any and all persons who shall furnish material or labor thereon for such contractor or builder.*" (Emphasis supplied.)

While the Constitution provides a method whereby an original contractor may fix

a lien on a homestead, nothing is said therein with respect to a derivative lien. It is only by virtue of legislative enactment (Art. 5460) that a derivative lien was granted to materialmen. Thus, since the derivative lien is a creature of the statute rather than the Constitution, the derivative lien involved here was not self-executing.

Beginning with the earlier decisions, the courts have uniformly held that all of the aforementioned constitutional and statutory provisions prescribe a general plan to be pursued with regard to all liens as are treated in the entire chapter. Cameron & Co. v. Marshall, 65 Tex. 7 (Tex.Sup., 1885); J. D. McCollom Lumber Co. v. Whitfield, 59 S.W.2d 1106 (Tex.Civ.App., Austin, 1933, writ ref.).

Appellant's contention that Article 5460, supra, fixes the lien claimed by him is not tenable. There can be no lien acquired upon a homestead by a subcontractor or a materialman who furnishes labor or material, not to the owners of the property, but to the builder who has contracted with the owners, unless such subcontractor or materialman has complied with Article 5452 et seq., supra. Gilmer v. Wells, 17 Tex.Civ. App. 436, 43 S.W. 1058 (1897, n. w. h.). The reasons for requiring a derivative claimant to comply with Article 5452 et seq. are discussed in the foregoing case and we will not burden this opinion by quoting therefrom.

In 12 Texas Practice, sec. 1674, dealing with fixing and securing liens on homesteads, it is said:

"When the contract has been made and entered into by the husband and wife and the contractor or builder, in the form mandated by the statute, the construction contract shall inure to the benefit of any and all persons who furnish material or labor under the contract for the contractor or builder. The primary contractor secured his lien under the base contract and the derivative claimants secure theirs under the statute. The fixing and perfection procedures for lien claimants on homestead property are the same as those given above in connection with perfection of statutory liens, provided that the written contract provision of Article 5460, Vernon's Ann.Civ. St. has been complied with."

Article 5452 provides for a lien in behalf of a subcontractor, such as appellant, "upon complying with the provisions of this Chapter."

Article 5453 provides:

"The lien provided for in Article 5452 may be fixed and secured in the following manner:

"1. Every original contractor, not later than one hundred twenty (120) days, and every other person or firm, lumber dealer or corporation, artisan, laborer, mechanic or subcontractor who may be entitled to a lien under this Act, not later than ninety (90) days, after the indebtedness accrues as defined hereinafter in Article 5467, shall file his affidavit claiming a lien, to be recorded in a book kept by the county clerk for that purpose in the office of the county clerk of the county in which such property is located * * * and he shall send to the owner by certified or registered mail, addressed to his last known business or residence address, two (2) copies of such affidavit claiming a lien. * * *

"2. If the claimant for such lien is other than an original contractor, such claim shall not be valid or enforceable unless the claimant shall also have complied with the applicable notice requirements hereafter set forth which shall be conditions precedent to the validity of such claims:

*     *     *     *     *     *

"b. Excepting instances of retainages for which notices have been given in ac-

cordance with the preceding subparagraph, the claimant shall give the applicable notice or notices described, as follows:

"(1) Where the claim consists of a lien claim arising from a debt incurred by a subcontractor, the claimant shall give written notice of the unpaid balance of such claim to the original contractor not later than thirty-six (36) days after the tenth (10th) day of the month next following each month in which claimant's labor was done or performed in whole or in part or his material delivered in whole or in part; and claimant shall give a like notice to owner not later than ninety (90) days after the tenth (10th) day of the month next following each month in which the claimant's labor was done or performed in whole or in part or his material delivered in whole or in part."

Under the provisions of Article 5467, sec. 1, par. c the indebtedness to appellant, if any, accrued July 10, 1971, same being the tenth day of the month next following the last month in which material was furnished. The trial court found that appellant failed to give notice of his claim within the ninety days provided by statute and likewise failed to file his affidavit claiming a lien with the County Clerk within the ninety-day period allowed by the statute.

■ The giving of the notice required by section 2, par. b(2) of Article 5453 is a condition precedent to the validity of the lien claim by a subcontractor. Trinity Universal Insurance Company v. Palmer, 412 S.W.2d 691 (Tex.Civ.App., San Antonio, 1967, n. r. e.). Since the requisites of Article 5453 were not timely met, we hold appellant failed to properly perfect his lien.

Appellant would not, of course, be entitled to a personal judgment against appellees for the reason that he had no contract with them.

The judgment of the trial court is affirmed.