## COLLIER et al. v. VALLEY BUILDING & LOAN ASS'N et al.

No. 8662.

Court of Civil Appeals of Texas. San Antonio.
Oct. 28, 1931.

Rehearing Denied Nov. 18, 1931.

Greenwood & Lewis and John C. Myrick, all of Harlingen, for appellants.

Ingrum & Smith and Ben S. Morris, all of San Antonio, for appellees.

FLY, C. J.

This is a suit to restrain appellees, the Valley Building & Loan Association and others, from the sale of certain land claimed to be the homestead of appellants, under a certain deed of trust on such homestead. Appellees in answer to the petition set up a cross-action against appellants. The suit was in effect also an action of trespass to try title to the land. A cross-action was filed by appellees asking the foreclosure of a building and materials lien which had been transferred to the building and loan association. The court denied all relief to appellants and foreclosed the liens on this land as set out in the cross-action, and also gave the association a judgment for its interest, costs, and attorney's fees amounting to $2,859.50.

The evidence showed the title to the lot to be in Mrs. Maggie Collier, being a gift to her; that it was the homestead of appellants when the instruments in evidence were executed, although they afterwards moved from their home and rented it. They moved to Harlingen, the home being in Donna. The liens on the property, consisting of a deed of trust and a lien for labor and material, were given for labor performed and material furnished and used in improvements on the land of appellants. They gave notes for the amounts due reserving the liens on the home and lot.

The contract for the labor and material did not describe the property, but afterwards appellants made an affidavit in which the contract was referred to, and it was specifically stated that the contract was made with reference to the lot and house in controversy, and that the labor and material were furnished. The affidavits were made in order that the contractor could transfer the contract to the building and loan association. Appellants also executed a second lien for labor and material in which the property was properly described, and the notes given by them referred to a lien for labor and material.

The first proposition assails the judgment because the building and loan association had been dissolved when the cross-action was filed. The only evidence offered to show a dissolution of the corporation was that of Haralson, a former bookkeeper thereof, who swore that "I was bookkeeper and assistant secretary of the Valley Building & Loan Association, while they were in existence, but the Valley Building & Loan Association is no more." That testimony was volunteered by the witness and was all of the testimony on the subject. It was not sufficient to show a dissolution of the corporation. There are seven ways prescribed in article 1387, Revised Statutes, for the dissolution and it is not intimated that either of those methods had been followed or occurred. There was no cross-examination of the witness and his gratuitous statement that the corporation "is no more" was all that was said about it, and the conclusion cannot be legally drawn that it had been dissolved. That statement did not raise the question of the dissolution of the association and cannot form the basis of an assignment of error. Appellants did not attempt to raise the question of the dissolution of the corporation in the lower court. It was in that court because appellants had brought it there, and it undoubtedly had the right to

present any defense that would defeat appellants' cause of action. The first proposition is overruled.

The two instruments evidencing the lien for labor and material, the two deeds of trust, the promissory notes, and affidavits of appellants were properly allowed in evidence, as constituting one transaction, and the other propositions, all bearing on the introduction of such instruments, are without merit and are overruled.

For years after the original contract was executed, appellants seemed not only willing but anxious to admit the justness of the claim against them, and willingly executed all the instruments presented to them. There has been, however, for some cause not revealed, a change of heart on their part and they are striving in every technical way to defeat a just claim against them. They do not claim that the work and material were not furnished; they do not claim that they were not worth what was charged for them; they do not claim that any fraud or deception was used to induce them to execute instruments; but they simply come into court on the barest and most trivial technical points to seek to avoid payment of a just debt.

The trial court properly frustrated appellants' attempts to evade payment of their debts, and no valid reason has been offered for an appellate court to interfere with the judgment.

The judgment is affirmed.