**VALLEY BUILDING & LOAN ASS'N et al.**
**v. COLLIER et al.**

No. 9620.

Court of Civil Appeals of Texas.
San Antonio.

Nov. 13, 1935.

Rehearing Denied Dec. 11, 1935.

Ingrum & Morris, of San Antonio, and Aldrich & Aldrich, of Edinburg, for appellants.

Myrick & Johnson and P. G. Greenwood, all of Harlingen, for appellees.

MURRAY, Justice.

This is the second appeal of this cause. The opinion of this court on the first appeal can be found in 43 S.W.(2d) 173, and the opinion of the Commission of Appeals in 62 S.W.(2d) 82, 84.

The facts are fully stated in those opinions and will not here be restated.

This entire cause of action hinges on the sufficiency of the description of a house and lot contained in a purported materialman's and mechanic's lien contract from J. F. Collier and wife, Maggie Collier, to E. D. Self.

The Commission of Appeals, in an opinion by Judge Sharp and approved by the Supreme Court, held that the description contained in this purported contract was insufficient to fix a materialman's and mechanic's lien upon the homestead of J. F. Collier and wife.

The Valley Building & Loan Association and the Capitol Building & Loan Association, appellants herein, fail to point out wherein the record on this appeal is in anywise different from the record on the former appeal, with the exception that our attention is called to the fact that on the former appeal the original instruments did not accompany the record, while they do accompany the present record, and that the original instruments disclose the fact that the purported materialman's and mechanic's lien contract, from Collier and wife to E. D. Self, and the assignment of the same by Self to Valley Building & Loan Association, are on one and the same piece of paper, a fact not disclosed by the former record.

We fail to see where this fact is material. We conclude that the instruments are just as separate and independent of each other as if they had been written on separate pieces of paper and each must be considered from its own four corners.

The record in this cause contains the same written documents that were before the court on the former appeal.

The Commission of Appeals, speaking through Judge Sharp, now justice of the Supreme Court, held as follows:

"It will be noted that the description of the land contained in the original instrument executed by Collier and wife is insufficient to fix a lien thereon, and unless that instrument refers to other instruments or data, which may be considered in connection with the description contained therein to supply the defective description, no lien will be acquired thereon by virtue of same. This instrument refers to no deed or other instruments which may be used in aid to sufficiently describe the land, upon which a lien is sought to be fixed. The note executed by Collier and wife is not even referred to, and notwithstanding the fact that the note contains a description of the land, it will not be sufficient, because it appears to be a separate instrument and is not acknowledged. If the original instrument referred to the note, they would be considered together in order to fix and sustain the lien. Likewise, a deed of trust lien subsequently executed could be enforceable, if given for a valid materialman's and mechanic's lien. Interstate Building & Loan Association v. Goforth, 94 Tex. 259, 59 S.W. 871."

The above language holds, in effect, that the instrument purporting to create a lien on the Collier homestead is null and void. The trial judge so held and denied appellants a foreclosure of this purported lien. In doing so, we conclude that he simply followed the plain holding of the Commission of Appeals.

It is contended by appellants that the purported materialman's and mechanic's lien contract, the assignment thereof, the note and the deed of trust, all being executed on or about the same time and all relating to the same subject, should be construed together and treated as one transaction; and there being a sufficient description in the assignment and other instruments, they may be looked to for the purpose of supplying the lack of description in the lien contract. In support of this contention appellants cite Barber v. Herring (Tex.Com.App.) 229 S.W. 472, and contend that if we hold otherwise, we will be in conflict with that decision. We are of the opinion that there is no conflict between what we have held above and the Barber Case, the facts being quite different. However, we are sure that if we should sustain appellants' contention, we would be in conflict with the opinion of the Commission of Appeals in the case at bar.

The judgment is affirmed.