REESE & JAUDON v. THOMAS CORLEW.

(Case No. 3869.)

1. MECHANIC'S LIEN.—A note executed and recorded after the performance of work for which it was claimed to have been given, stating that the consideration was "for tin work and material furnished by them on my (the maker's) house and homestead in the city of Waco," does not show such facts as were necessary to fix a mechanic's lien under the act of 1871.

APPEAL from McLennan. Tried below before the Hon. L. C. Alexander.

On January 29, 1876, appellants sued Patterson on a note for $108.50, dated June 1, 1875, and due one day after date, payable to Hutchinson & McConnell, reciting that it was for tin work and material furnished by them on his house and homestead, and acknowledged a lien to secure the same. This note was acknowledged and recorded the 2d day of June, 1875, and was assigned to appellants September 11, 1875, who sought a recovery upon the note and a foreclosure of the mechanic's lien. Appellee was made a party defendant by supplemental petition, alleging that he had purchased the property at trustee's sale and was claiming the same.

Patterson answered by general denial. Corlew answered by general and special exceptions, general denial, and specially that he had purchased the property under a deed of trust duly recorded in 1871, and also that the property, at the time the work was done and material furnished, was the homestead of Patterson, and no lien could be fixed upon it except by the consent of his wife evidenced by her privy acknowledgment, etc.

Trial by the court; judgment against Patterson for the amount of the note, but in favor of appellee as to the asserted lien.

*J. M. Maxcy,* for appellants, filed a lengthy and able written argument.

No briefs for appellee on file.

WATTS, J. COM. APP.— It seems that the note upon which this suit is founded was executed after the material had been furnished and the labor performed. The appellants relied entirely for fixing and securing the lien upon the record of the note. It is recited in the note that it is given "for tin work and material furnished by them on my house and homestead in the city of Waco," etc. Upon what character of contract the labor was performed and the material furnished does not appear from the record; but as the note was executed after the labor was performed and material furnished, it sufficiently shows that some other contract or agreement with respect to the labor and material existed between the parties prior to the time the work was done and the material furnished. As to whether that contract or agreement was verbal or in writing, is not shown. The mechanic's lien arises from the contract or agreement made by the parties for the labor and material, and not from any contract or agreement made by the parties after the material has been furnished and the labor performed. By the act of 1871, a lien upon the homestead for labor and material could be fixed and secured in the same way as upon other property. All the rights of appellants and their assignors arose under that act, and their rights must be determined by its provisions. In the first section of the act it is provided: "That, in order to fix and secure the lien herein provided for, the contractor, mechanic, laborer or artisan furnishing material shall have the right, at any time within six months after such debt becomes due, to file his contract in the office of the district clerk of the county in which such property is situated, and cause the same to be recorded in a book to be kept by the district clerk for

that purpose." Evidently the contract here contemplated is the one by virtue of which the material was furnished and the labor performed, and not any subsequent contract that might be entered into by the parties in respect to the matter.

Under this view of the law appellants have entirely failed to show the facts necessary to fixing, securing and enforcing the lien. If the contract or agreement by virtue of which the material was furnished and the labor performed was verbal, then the statute required that a duplicate copy of the bill of particulars should be made under oath and one copy served upon the party owing the debt. It has been held that the burden was upon the party seeking a foreclosure of the lien to show that the statute had been complied with in every essential particular. Lee v. O'Brien, 54 Tex., 635; Lee v. Phelps, id., 367.

As the note executed after the material was furnished and the labor is not the contract or agreement by virtue of which it was done, appellants have failed to show such a compliance with the statute as would entitle them to a foreclosure of the lien. Tinsley v. Boykin, 46 Tex., 599.

We conclude, and so report, that the judgment ought to be affirmed.

AFFIRMED.

[Opinion adopted June 26, 1883.]