### F. S. TAYLOR ET UX. v. H. J. HUCK & CO.

(Case No. 5382.)

1. HOMESTEAD—STATUTORY LIEN OF MATERIAL-MAN—LIEN BY CONTRACT—F. T. and L. T., husband and wife, executed to H. & Co. their joint promissory note for $1,221.00, reciting therein that the amount for which it was given was for a balance due to payees for lumber and material furnished in the construction and repair of their homestead and hotel situated on lot No. 2, block No. 5, in the town of Goliad, Texas, and that the note constituted a builders' lien on the property until paid; which note was duly acknowledged and recorded. In a suit by H. & Co. to recover on the note and to enforce their lien on the property,—Held:

(1) That, in view of the recitals in the note, the presumption, in the absence of proof to the contrary, is that the property was the homestead of the defendants.

(2) That the material having been furnished prior to, and not in pursuance of the contract upon which the suit is founded, the note did not create a lien upon the homestead.

(3) That, independent of the mechanic's lien which the law creates, such a note as the one described would constitute an express lien by contract, enforcible, except as against the homestead.

2. LIEN ON PROPERTY YET TO BE ACQUIRED—EQUITY—One who has in contemplation the purchase of property, may by contract impose a lien which will be valid in equity, and will attach as a charge upon the particular property as soon as he acquires title thereto.

3. CASES APPROVED—Mitchell v. Winslow, 2 Story, 620; Wright v. Birchee, 72 Mo., 179; Butterford v. Stewart, 79 Mo., 216; Morrill v. Noyes, 56 Me., 458, cited and approved.

APPEAL from Goliad. Tried below before the Hon. H. C. Pleasants.

This suit was instituted by H. J. Huck & Co. against the appellants, F. S. Taylor and his wife L. B. Taylor, on February 16, 1882, in the district court of Goliad county, on a promissory note for $1,221, and bearing date August 9, 1877, and to foreclose a lien upon the property therein described, for lumber and material furnished. The note was signed by Taylor and his wife, was acknowledged by them as prescribed by law, was duly recorded, and is as follows:

"On or before the first day of March, 1878, we promise to pay to H. J. Huck & Co., or order, the sum of twelve hundred and twenty-one dollars, with ten per cent. interest from date—this being a balance due them for lumber and material furnished in the construction and repair of our homestead and hotel, situated in the town and county of Goliad, state of Texas, on lot No. 2, block No. 5, range letter 'E', constituting a builder's lien on said property until paid, subject to Mrs. Jane S. Hedrick's claim on the original rock building and lot." Appellants, in their answer, admitted the execution of the note by them, but alleged that the title to the lot therein described, was, at the time the lumber was furnished, and at the time the contract was made, in Mrs. Hedrick, who refused to join them in giving the lien, and that these facts were known to appellants; that the building, for which the lumber had been furnished, was afterwards destroyed by fire, and that appellant, F. S. Taylor, after the fire, acquired title to a portion of the lot mentioned in said note (describing such portion by metes and bounds), and erected thereon another and entirely different building, which appellants had used and occupied continuously, since its completion, as their homestead.

Appellees replied by supplemental petition that, appellants had represented themselves to them as being the owners of the property, and appellees, wholly relying upon such representation, had been thereby induced to forbear resorting to other methods by which they could have collected or secured their claim.

The cause was tried without the intervention of a jury, the court rendering judgment in favor of appellees for the amount due on the note, and decreeing foreclosure of the lien upon that portion of the lot to which they had secured title.

There is no statement of facts, but the conclusions of fact, as found by the court, are in the record.

The court found that appellants' hotel had been built of lumber furnished for that purpose by appellees; that the contract declared on was executed by F. S. Taylor and his wife to secure a balance due appellees for the lumber; that at the date of the contract Taylor and his family, which consisted of his wife and children and his mother, Mrs. Jane Hedrick, were occupying the hotel; that the legal title to the lot, upon which the hotel was situated, was then in Mrs. Hedrick, and that this fact was known to appellees before the contract sued on was executed by Taylor and wife; that F. S. Taylor, at the instance of appellees, requested his mother to join himself and wife in the contract, but that she refused to do so; that appellees were induced to believe, from representations then made to them by F. S. Taylor, that he would eventually become the owner of the lot; that a few months after the execution of the contract, the hotel was destroyed by fire, after which Mrs. Hedrick, at the request of F. S. Taylor, conveyed a portion of the lot to a third party, who advanced to F. S. Taylor money to build a hotel upon it; that Taylor subsequently paid back the money advanced to him, whereupon Mrs. Hedrick's vendee conveyed to him that particular portion of the lot, and that appellants had been occupying the same as their homestead ever since its purchase by Taylor.

*D. D. Claiborne* and *Woodruff & Merriwether*, for appellants, cited : Const., art. 6, sec. 50; R. S., art. 3174; Manwaring *v.* Terry, 39 Tex., 67; Ragsdale *v.* Goheke, 36 Tex., 286; Page *v.* Arnim, 29 Tex., 72; Burleson *v.* Burleson, 28 Tex., 415; Guilbeau *v.* Mayo, 15 Tex., 410; Parsons on Cont., vol. 2, p. 791; Smith's Leading Cases, vol. 2, pp. 672, 711; Mayer *v.* Ramsey, 46 Tex., 371; Scoby *v.* Sweatt, 28 Tex., 731; Luter *v.* Rose, 20 Tex., 648; Blanchard *v.* Brooks, 12 Pick., 67; Miller *v.* Ewing, 6 Cush., 34; Van Rensselaer *v.* Kearney, 11 How., 297; Kimbro *v.* Hamilton, 28 Tex., 568; Williams *v.* Chandler, 25 Tex., 11; Parker *v.* Campbell, 21 Tex., 763; Hardy *v.* DeLeon, 5 Tex., 244.

*Lackey, Stayton & Kleberg*, for appellees, cited : Const., art. 6, sec. 50; R. S., art. 3174; Phillips on Mechanics' Liens.

WATTS, J., COMM. APP.—This record is silent as to the contract relation existing between F. S. Taylor and Mrs. Hedrick respecting the lot in controversy at the time the material was furnished and the note executed. The court merely finds that at the time the legal title was in Mrs. Hedrick, and that Taylor induced the appellees to believe that he would eventually become the owner of the lot. In the absence of a statement of facts, it will be presumed that the conclusions of fact found by the court are fully sustained by the evidence. But the court does not find whether the property was or was not the homestead of Taylor and wife at the time the material was furnished and the note executed. However, it is stipulated in the note that the material had been furnished in the construction and repair of appellants' homestead and hotel, situated upon the lot.

While the legal title to the lot might have then been in Mrs. Hedrick, still there might have existed such an arrangement between her and appellants, respecting the lot, as would have clothed it with the homestead character, except as against Mrs. Hedrick. Then, in the absence of any finding of this court to the effect that the property was not the homestead of appellants at the time the note was executed, that presumption could not be indulged in support of the judgment. In view of the fact that by the recital in the note the property is declared to be the homestead of appellants, the contrary presumption could not be indulged at the expense of the record.

Assuming that the property was then the homestead of appellants, there seems to be two fatal objections to maintaining the suit as brought. By the terms of the note it appears that the material had been furnished previous to its execution, the amount for which the note was given "being a balance due them for lumber and material furnished, etc.," as stated in the note. Hence the material was not furnished in pursuance of the contract upon which the suit is founded, and that is essential to creating the lien upon the homestead. General Laws, 1876, p. 91, sec. 4; Reese & Jandon v. Corlew, 60 Tex., 71; Const., art. 16, sec. 50.

In Martin v. Roberts, 57 Tex., 564, it was in effect said, that when the written contract recites that the mechanic's lien is reserved that it would constitute an express lien by contract, independent of the mechanic's lien which the law creates, when its terms have been complied with. But, considering the property as the homestead of appellants at the time the contract was made, the constitution declares that "no mortgage, trust deed or other lien on the homestead

shall ever be valid, etc." So that no lien created by contract, except as provided by the constitution, would be valid.

It appears that the case was not fully developed in the court below, at least it is so presented by the record before the court, that the justice of the case might not be attained by any judgment that could be rendered upon it. Hence we recommend that the judgment be reversed and the cause be remanded. In view of another trial, it should be remarked that if it be made to appear that appellants had no such equity or interest in the lot, at the time the contract was made, as would support the homestead claim, then, as a matter of course, the features of the case heretofore considered would not interpose any obstacle to the foreclosure of the lien. Moreover, if appellants were in possession of the land, notwithstanding they may not have had such equity or interest in it as would support the homestead claim, nevertheless, if they represented to appellees that they would secure the title to it, and thereby induced them to furnish the material on the basis of the lien expressed in the contract, then, as between the parties to the contract, no good reason is perceived why the lien would not attach upon the acquisition of title by appellants.

In Mitchell v. Winslow, 2 Story, 630, it was remarked by Justice Story: "It seems to me the clear result of all the authorities that whenever the parties by their contract intend to create a positive lien or charge, either upon real or personal property, whether in esse or not, it attaches in equity as a lien or charge upon the particular property as soon as the assignor or contractor acquires title thereto."

See also, Wright v. Birchee, 72 Mo., 179; Butterford v. Stewart, 79 Mo., 216; Morrill v. Noyes, 56 Me., 458.

REVERSED AND REMANDED.

[Opinion adopted December 8, 1885.]

Justice Stayton did not sit in this case.