LYON & GRIBBLE V. OZEE ET AL.

(Case No. 5645.)

1. MECHANICS' LIEN—HOW FIXED—Failure to record a bill of particulars, as provided in R. S., art. 3166, is a fatal non-compliance with the statute as to the manner of fixing lien for security of building material furnished under a verbal contract.

2. SAME—STATUTE CONSTRUED—The written contract to be recorded and thereby fix a lien to secure building material furnished, as provided in R. S., art. 3165, is one by virtue of which the material was furnished; and not any subsequent contract relating to the same matter.

3. SAME—HOMESTEAD—CONSTITUTION CONSTRUED—Sec. 50, art. 16 of the constitution, protects the homestead from "forced sale for the payment of all debts except * * * * for work and material used in constructing improvements thereon," and then only when such work and material are contracted for in writing, and

the wife's consent to the contract is procured in the manner required in selling and conveying the homestead. It is clear that the wife's consent must precede the purchase of the material. (R. S., art. 3174.)

4. CASE COMPARED—Taylor v. Huck, 65 Tex., 238, compared.

APPEAL from Clay. Tried below before the Hon. B. F. Williams.

Suit was brought July 21, 1884, by appellants to recover $3,675, with interest, alleged to be due upon a written contract, and to foreclose a lien on block twenty-three, in the town of Henrietta, and the residence thereon. The petition alleged that the debt was for lumber and material furnished by appellants, and used by appellees in the construction of their residence. The contract to furnish the lumber and material was made in January, 1883; the residence was occupied by Ozee and wife, as a homestead in July, 1883; and at a subsequent time the note for the purchase money, now sued on, was executed. The note recited that it was given in consideration of lumber and other materials furnished appellees to enable them to improve the block, and that a lien was thereby given upon the block and residence as security of the obligation. The note was properly acknowledged by Ozee and wife, and recorded on the day of its execution. The trial resulted in a personal judgment against Ozee for the amount of the note, and refusal to enforce the claim of lien.

*D. T. Bomar* and *Davis & Garnett*, for appellants, cited: Farmer v. Simpson, 6 Tex., 303; Pope v. Graham, 44 Tex., 198; Stewart v. Brown, 59 Lex., 469; Swope v. Stantzenberger 59 Tex., 387; Clements v. Lacy, 51 Tex., 158; White v. Shepperd, 16 Tex., 163; Mundine v. Berwin, 62 Tex., 341; Phillips on Mechanics' Liens, sec. 183a; Thompson on Homesteads, secs. 372, 374.

*E. W. Turhune* and *Plemons, Hazlewood & Templeton*, for appellees, cited: Constitution, sec. 50, art. 16; R. S., art. 3174; Tinsley v. Boykin, 46 Tex., 599; Lee v. Phelps, 54 Tex., 368; Lee v. O'Brien, 54 Tex., 635; Reese v. Corlew, 60 Tex., 71; Taylor v. Huck, 65 Tex., 238.

WILLIE, CHIEF JUSTICE. No bill of particulars of the lumber furnished by Lyon & Gribble to the appellees was ever recorded, and hence no lien, as in case of verbal contracts, was fixed upon the building into which the materials went, or the lot upon which it was situated. The claim of lien is based upon the notes executed by Ozee and wife, and their registration within six months after the debt for the lumber became due. The first note was cancelled and there is a conflict in the evidence as to whether or not the second was made

and recorded within six months after the money for the lumber became due. But, if recorded within the time prescribed, no lien was thereby fixed upon the premises. It has been held by this court that the written contract to be filed for record to secure a lien of this kind, is one by virtue of which the material has been furnished, and not any subsequent contract entered into between the parties in respect to the matter. Reese v. Corlew, 60 Tex., 70.

These notes were confessedly made long after the material was furnished, and the house, into the construction of which they entered, had been built and had been occupied by the appellees as a place of residence. Moreover, from the date of its occupation by them, the house and the lot upon which it stood became the homestead of Ozee and wife, and this, we have seen, was previous to the date of the notes. Our Constitution, art. 16, sec. 50, requires that, to create a lien upon a homestead for work and material used in constructing improvements thereon, these must be contracted for in writing, with the consent of the wife given in the same manner as is required in making a sale of the homestead. It is clear that the consent of the wife must precede the purchase of the material. Lumber is not contracted for by the wife when it is bought and placed in a building without her consent.

The intention, doubtless, was to have the wife consulted as to the character and price of the improvements to be placed upon the homestead. The legislature, correctly interpreting this section of the constitution, provides that the wife must sign and acknowledge the written contract at the time when such improvements or repairs are to be made, thereby avoiding contracts executed after the improvements and repairs have already been made. This court held in the case of Taylor v. Huck, 65 Tex., 238, that a lien created by a note given for material furnished in the erection of a house upon a homestead was invalid, if the note was executed after the material was furnished.

The attempt in this case was to create a lien upon the homestead, by contract, for material furnished to improve it, in a way other than that prescribed by law, and the constitution declares all such attempted liens void and of no effect. The court did not, therefore, err in refusing to foreclose the lien, and the judgment is affirmed.

AFFIRMED.

[Opinion delivered April 20, 1886.]