COLLIER et al. v. VALLEY BUILDING & LOAN ASS'N et al.

No. 1681—6169.

Commission of Appeals of Texas, Section A.

June 24, 1933.

Greenwood & Lewis and John C. Myrick, all of Harlingen, for plaintiffs in error.

Ingrum & Smith and Ben S. Morris, all of San Antonio, for defendants in error.

SHARP, Judge.

Maggie Collier and her husband filed this suit in the form of a trespass to try title and obtained a temporary injunction restraining J. G. Grissom, trustee, from executing a power of sale in a deed of trust on their homestead. The Valley Building & Loan Association and others, in their answer, also set up a cross-action against the plaintiffs, asking for the foreclosure of a materialman's and mechanic's lien, as well as a deed of trust lien on the property described in the pleadings. The case was submitted to the trial judge upon the facts and the law, and he denied all relief to the plaintiffs and foreclosed the liens on the land described and also gave the Valley Building & Loan Association a judgment for the principal, interest, cost, and attorney's fees, amounting to $2,859.50. The Court of Civil Appeals affirmed the judgment of the trial court. 43 S.W.(2d) 173.

A writ of error was granted in this case upon the proposition that the Court of Civil Appeals erred in holding that under section 50 of article 16 of the Constitution of Texas, and article 5460, R. S. 1925, it is not necessary to the validity of a materialman's and mechanic's lien upon a homestead that an instrument purporting to fix the lien on the homestead sufficiently describe the property or refer to any other instrument in writing to aid or make certain the description therein.

The controlling facts appear as follows: It is undisputed that the land involved here was the separate property of Maggie Collier, a married woman, and that same has been occupied by herself and husband as a homestead continuously since about the year 1922. The testimony further shows that the original materialman's and mechanic's lien sued upon was dated May 4, 1925. The instrument was signed by J. L. Collier, Maggie Collier, and E. D. Self. The property described therein, upon which a lien was to be fixed, reads as follows: "The land and premises upon which said building is to be erected are situated in the County of Hidalgo and State of Texas, and more particularly described as follows, to-wit: * * *." This is the whole description in the instrument. No reference is made in the original instrument to any other documents or data that would supply the defective description of the land above described.

The purported lien recites that in consideration of the construction of the building and furnishing the labor and material therefor, Collier and wife agreed to pay the sum of $2,681.50. The assignment of the materialman's and mechanic's lien from E. D. Self to the Valley Building & Loan Association contains the same description of the premises as that contained in the original instrument. However, Collier and wife did execute a note dated May 4, 1925, for the sum of $2,681.50, payable to E. D. Self, or order, in which it is recited that it is secured by a materialman's and mechanic's lien on the lot in controversy. This note appears to be separate and distinct from the lien executed and it is not acknowledged before a notary public.

Subsequent to the execution of the original lien and note, Collier and wife executed a deed of trust to Grissom, trustee, in which a description of the premises is contained, and it recites that this deed of trust lien was given for the purpose of securing the Valley Building & Loan Association for the payment of the note transferred to it. None of the instruments, such as the note, deeds of trust, affidavits, statements, etc., offered in evidence in aid of the description of the land were described or referred to in any manner whatsoever in the original instrument. All of the papers executed by Collier and wife, with respect to this matter, were executed subsequent to the date of the original lien and note made by them.

The decisive question presented here is: Did the original instrument signed by Collier and wife to Self fix a lien upon their homestead?

**84**

■■ It will be noted that the description of the land contained in the original instrument executed by Collier and wife is insufficient to fix a lien thereon, and unless that instrument refers to other instruments or data, which may be considered in connection with the description contained therein to supply the defective description, no lien will be acquired thereon by virtue of same. This instrument refers to no deed or other instruments which may be used in aid to sufficiently describe the land, upon which a lien is sought to be fixed. The note executed by Collier and wife is not even referred to, and notwithstanding the fact that the note contains a description of the land, it will not be sufficient, because it appears to be a separate instrument and is not acknowledged. If the original instrument referred to the note, they would be considered together in order to fix and sustain the lien. Likewise, a deed of trust lien subsequently executed could be enforceable, if given for a valid materialman's and mechanic's lien. Interstate Building & Loan Association v. Goforth, 94 Tex. 259, 59 S. W. 871.

■ In the case of Norris v. Hunt, 51 Tex. 609, in discussing the sufficiency of the description of land contained in an instrument in order to be valid, the court said:

"It is said by Chief Justice Marshall, in Chinoweth v. Haskell, 3 Pet. 96 [7 L. Ed. 614], that 'It is an obvious principle that a grant must describe the land to be conveyed, and that the subject granted must be identified by the description given of it in the instrument itself.'

"Both for the reasons for which the statute of frauds was enacted and upon the authority of adjudged cases, this rule should apply as well to other instruments for the conveyance of lands, as to grants technically so known.

"The true rule, as deduced from the authorities, seems to be that this description should be so definite and certain upon the face of the instrument itself, or by other writing referred to, that the land can be identified with reasonable certainty.

"To hold otherwise would defeat the wise intention and object of the statute, by permitting to rest in parol extrinsic testimony, that which should have been embraced in the written instrument."

This rule has been repeatedly followed by the Supreme Court in many cases. Cleveland v. Sims, 69 Tex. 154, 6 S. W. 634; Bitner v. Land Company, 67 Tex. 342, 3 S. W. 301; Terrell v. Martin, 64 Tex. 125; Coker v. Roberts, 71 Tex. 597, 9 S. W. 665; Higgins v. Bankers' Mortg. Co. (Tex. Com. App.) 13 S.W.(2d) 683. See, also, Hammond v. Wells, 45 Mich. 11, 7 N. W. 218.

Article 16, § 50, of the Constitution provides: "The homestead of a family shall be, and is hereby, protected from forced sale, for the payment of all debts except for the purchase money thereof, or a part of such purchase money, the taxes due thereon, or for work and material used in constructing improvements thereon, and in this last case only when the work and material are contracted for in writing, with the consent of the wife given in the same manner as is required in making a sale and conveyance of the homestead. * * * No mortgage, trust deed, or other lien on the homestead shall ever be valid, except for the purchase money therefor, or improvements made thereon, as hereinbefore provided."

The Legislature has provided the manner which a contract for improvements upon a homestead shall be executed in the enactment of article 5460, R. S. 1925, which in part reads as follows: "When material is furnished, labor performed, or improvements as defined in this title are made, or when erections or repairs are made upon homesteads, if the owner thereof is a married man, then to fix and secure the lien upon the same it shall be necessary for the person or persons to furnish the material or perform the labor, before such material is furnished or such labor is performed, to make and enter into a contract in writing, setting forth the terms thereof, which shall be signed by the owner and his wife, and privily acknowledged by her, as is required in making sale of homestead. * * * *"

■■ The law plainly provides the requisites necessary to fix a materialman's and mechanic's lien upon the homestead of a married woman. The Constitution and statutes zealously guard the rights of a homestead, and a materialman's and mechanic's lien thereon can be acquired only by a strict compliance with the provisions thereof. The Supreme Court has repeatedly held that where property is the homestead no lien for materials and labor could be fixed against it, except by a valid contract entered into when the material was furnished, and signed by the husband and wife and acknowledged by her as required in the sale of a homestead. Sutherland v. Williams (Tex. Sup.) 11 S. W. 1067; Lyon v. Ozee, 66 Tex. 95, 17 S. W. 405; Ellerman v. Wurz (Tex. Sup.) 14 S. W. 333.

■■ The courts have established a rule that that which the Constitution declares void cannot be made valid by agreement of the parties. If the law was not strictly complied with, by the execution of a valid contract before the material was furnished, no lien could be fixed upon the premises to secure the payment therefor. If the description of the land was insufficient to fix a lien thereon, then no valid lien was acquired. If a valid lien was not created in the original instrument, then the defect could not be ratified by Collier and wife, unless the power authorizing them to make a valid lien thereon, at the time of the attempted ratification existed under the Constitution and statutes of this state. So long as

the premises constitute the homestead of Collier and wife, a lien cannot be placed thereon, except as provided for by the Constitution and statutes. Rich v. Walker Smith Company (Tex. Com. App.) 57 S.W.(2d) 1098; Coker v. Roberts, supra.

We therefore recommend that the judgments of the Court of Civil Appeals and of the trial court be reversed and this cause be remanded to the district court for another trial.

CURETON, Chief Justice.

The judgments of the district court and Court of Civil Appeals are both reversed, and the cause remanded, as recommended by the Commission of Appeals.

We approve the holdings of the Commission of Appeals on the questions discussed in its opinion.