**KEPLEY et ux. v. ZACHRY.**

No. 9652.

Court of Civil Appeals of Texas.
San Antonio.
Dec. 4, 1935.

Rehearing Denied Feb. 5, 1936.

E. A. Mullally, of Laredo, Johns, Mc-Campbell & Snyder and I. W. Keys, all of Corpus Christi, for appellants.

S. T. Phelps, of Laredo, Dodson & Ezell, of San Antonio, and Raymond, Algee, & Alvarado, of Laredo, for appellee.

SMITH, Chief Justice.

On April 15, 1927, James K. Kepley executed a contract with H. B. Zachry, whereby the latter undertook to furnish the labor and materials and construct a dwelling upon the Kepleys' homestead, for the sum of $15,500. The contract provided for the mechanics', materialmen's, laborers', and contractors' lien upon the premises, to secure the payment of said contract price. The parties actually signed the contract on April 15, but none of them acknowledged it at that time, or, apparently, until June 21. In the meantime, Zachry had proceeded with the construction of the building, so that on June 21 about $8,000 had been expended by him thereon. The contract was thereupon acknowledged by the parties, and Zachry completed the building at an additional expense of $7,500. The Kepleys defaulted in the payment of said amount, and Zachry brought this action and recovered said amount, with a decree of fore-closure of said lien upon the premises. The Kepleys have appealed.

The jury found the foregoing facts upon sufficient evidence, and further found against appellants upon other issues presented in their defense.

It is undisputed that the premises in controversy constituted the homestead of appellants at the time the contract was executed, as well as thereafter.

Appellants' defense rests upon the provision of the Constitution and statute, which render invalid any attempted lien upon a family homestead for improvements or labor and material, put upon the homestead premises prior to the execution of the contract therefor by the wife in the manner prescribed by law. Article 16, § 50, Const.; article 5460, R.S. 1925.

Appellants' first proposition is directed at the action of the trial court in denying a continuance of the cause. Appellants conceded in their oral argument, and the record discloses, that this complaint was not presented in the trial court in such manner as to entitle appellants to the right to complain thereat, and the proposition is accordingly overruled.

Appellants contend that the premises, constituting a homestead, could not be subjected to the lien for improvements placed thereon prior to the time the lien contract was actually acknowledged by Mrs. Kepley; that the contract was one and indivisible, and could not be separated into two parts so as to validate one, the other being invalid; that the lien could not be fixed by a contract which Mrs. Kepley had executed but not acknowledged; and that her subsequent acknowledgment, after part performance, could not give vitality to any part of it, as a lien upon her homestead.

It is undoubtedly true that the contract in question was ineffectual to fix a lien upon the homestead, until it was acknowledged by the owners, and the fact that they did acknowledge the contract after part of the labor and material had been put into the improvement did not serve to create a lien upon the premises to secure payment for that labor and material. But the rule seems to be that, in the absence of fraud, appellants' act in acknowledging the contract at that juncture had the effect of subjecting the property to the lien as security for labor and material subsequently put into the improvement. Heady v. Bexar

B. & L. Ass'n (Tex.Civ.App.) 26 S.W. 468; Walker v. House (Tex.Civ.App.) 24 S.W. 82; Melcher v. Higbee (Tex.Civ. App.) 165 S.W. 478; Lubbock Nat. Bank v. Nickels (Tex.Civ.App.) 63 S.W. (2d) 764. That rule was properly applied in this case. This question is presented in appellants' second, third, and fourth propositions, which are overruled.

Appellants' remaining propositions raise questions concerning the sufficiency and identity of the lien contract, and its performance by appellee. Those questions were settled by the jury findings, upon sufficient evidence, and those propositions will be overruled.

The judgment is affirmed.

BOBBITT, J., did not participate in the decision of this case.