## SCHMOKER (EMPIRE MORTG. CO., Intervener) v. WAELDER et al.
### No. 4880.

Court of Civil Appeals of Texas. Amarillo.
April 11, 1938.

Kay & Akin, of Wichita Falls, for appellant.

Harris & Martin, of Wichita Falls, for appellees.

STOKES, Justice.

This suit was filed by Christ Schmoker against appellees, Faye Garrison Waelder and her husband, Carl J. Waelder, in trespass to try title to a tract of land located in the city of Wichita Falls. Appellant, Empire Mortgage Company, filed a plea of intervention in which it made the same claims to the property as those made by Christ Schmoker, its suit being also in trespass to try title. It appears that the claim under which both of them asserted title arose under a trustee's deed executed by Wylie L. Robinson as trustee pursuant to an auction sale held under the terms of a deed of trust in which the property was struck off to the Mortgage Company. The sale was made under a second deed of trust lien executed by appellees to Robinson as trustee for the Mortgage Company to secure ten interest notes, being a part of the interest on a loan of $4,750 that had been made by the Mortgage Company to appellees. The principal note of $4,750, together with the first deed of trust, had been assigned by the Mortgage Company to Christ Schmoker, and after the sale under the second deed of trust, Schmoker made some claim to the Mortgage Company of his rights and the name of the grantee in the trustee's deed was erased and Schmoker's name inserted in its stead. Afterwards, the matter having been adjusted between them, the trustee executed another deed conveying the property to the Empire Mortgage Company, and when it filed its plea of intervention in this case, it appears that Schmoker, in effect, withdrew from the litigation and the proceedings were had as though he were not a party. . For the reasons given, Schmoker will not be further considered as a party to the suit.

On the 30th of October, 1926, appellee, Faye Garrison Waelder, who was the wife of Carl J. Waelder, was the owner in her separate right of the property involved and she, joined by her husband, procured from appellant a loan in the principal sum of $4,750 which was to bear interest at the rate of 8 per cent. per annum. As evidence of the indebtedness they executed three notes of $350 each, due November 1st of the years 1927, 1928, and 1929, and one note in the sum of $3,700, due November 1, 1931. These notes provided for interest at the

rate of 6 per cent. per annum, evidenced by coupons attached to the principal notes, and the remaining 2 per cent. interest was evidenced by the ten notes secured by the second deed of trust under which the sale was made.

It was provided in the first deed of trust that the notes or bonds secured thereby were given for an actual loan of money with which to take up and extend the time of payment of a note in the sum of $4,750 of date October 1, 1926, due sixty days after date, payable to D. M. Garrison, with interest at the rate of 8 per cent. per annum, and secured by a mechanic's and materialman's lien of that date, executed by appellees to Garrison for labor and material to be furnished in the erection of a residence on the property involved.

Appellees pleaded, and contend here, that the deeds of trust were void and of no force or effect because the property was their homestead at the time of their execution and the notes secured by them were not given for purchase money or improvements on the homestead and the sale conducted by the trustee and the deed executed by him did not and could not convey any title to the premises.

The evidence shows the lot was conveyed to Mrs. Waelder in July, 1926. At that time it was vacant property, and she purchased it with the intention of erecting upon it a residence to be used by the family as a homestead. On September 25, 1926, appellees applied to the Wichita Falls Building & Loan Association for a loan in the sum of $4,750 to pay for labor and material to be used in the construction of the residence. The Building & Loan Association declined to make the loan, and on the 5th of October they applied to appellant, Empire Mortgage Company, for a loan in the same amount, the money to be used for the same purpose. Appellees claim that part of the labor and material which went into the construction of the residence had been furnished and performed before that date, and that, although the materialman's and mechanic's lien is dated October 1st, it was not executed until about October 5th, and, being upon a homestead and part of the material having been furnished before that date, it was not executed in accordance with the provisions of the Constitution, article 16, § 50, and article 5460 of the Revised Civil Statutes of 1925.

The case was submitted to a jury upon special issues, in answer to which the jury found substantially that part of the material used in the erection of the house and part of the labor performed, which were paid for by the appellant, were furnished and performed prior to the execution of the mechanic's lien.

In answer to a special issue requested by appellees, the jury also found that the secretary of appellant, prior to the trustee's sale, told Mrs. Waelder that the trustee's sale of the property would not be held on the 3rd of September, 1935, the date upon which it was advertised to take place.

Based upon the answers of the jury to the special issues, the trial court entered judgment, denying appellant any relief, setting aside the trustee's sale, and vesting the title to the property in appellee, Mrs. Faye Garrison Waelder.

Motion for new trial was urged by appellant, and from the judgment and order overruling the motion this appeal is prosecuted.

Appellant assails the judgment upon the ground that there was no evidence to support the findings of the jury to the effect that some of the material and labor that were paid for by appellant out of the loan was furnished and placed upon the premises where the building was to be erected prior to the time the mechanic's lien was executed.

Section 50, article 16, of the Constitution provides that the homestead of a family shall be protected from forced sale for the payment of all debts except for purchase money, taxes, and work and material used in constructing improvements thereon, and in this last case only when the work and material are contracted for in writing, with the consent of the wife given in the same manner required in making sale and conveyance of the homestead. The statute, article 5460, provides that when material is furnished or labor performed upon the homestead, if the owner is a married man, then to fix and secure the lien it shall be necessary for the person furnishing the material or performing the labor, before the material is furnished or the labor performed, to enter into a contract in writing, setting forth the terms thereof, which shall be signed and privily acknowledged by the wife. These wholesome provisions of the fundamental and statutory laws have been jealously guarded by the courts, and the rule is well established in this state that a valid lien cannot be created upon a homestead for labor and material used in the construction of improvements thereon in any man-

ner other than a strict compliance with the constitutional and statutory provisions. Lyon et al. v. Ozee et al., 66 Tex. 95, 96, 17 S.W. 405; Walker v. House, Tex.Civ.App., 24 S.W. 82; Reese v. Corlew, 60 Tex. 70; Taylor v. Huck, 65 Tex. 238; Collier v. Valley Bldg. & Loan Ass'n, Tex.Com.App., 62 S.W.2d 82.

We do not understand these holdings of the courts to extend, however, to labor and material furnished and placed upon the ground by the owners themselves prior to the execution of the mechanic's lien or by others not connected with the labor and material, the value of which forms a part of the mechanic's lien. Mrs. Waelder testified that prior to the time the application for the loan was made to appellant there had been some work done on the place with reference to building a house; that excavation for the foundation had been made and the board framework had been set in place to run the concrete foundation; that some lumber was on the ground that was used in making the frame for the foundation and also some two-by-fours that afterwards went into the construction of the house. She further said that part of the bills incurred in the construction were paid out of the funds and money of her and her husband, and that appellant paid for all of the lumber that went into the construction of the house. She testified further that the contractor, D. M. Garrison, was her father and that she had no contract with him at all. She said that he did not even want to accept money for his work but that she wanted him to have half wages, and that the house ultimately cost $8,600. This is all the testimony shown by the record concerning the mattter of labor and material being furnished or placed upon the ground prior to the 5th day of October, 1926, when appellees contend the mechanic's and materialman's lien was executed. None of this testimony establishes the fact that any of the labor or material that was paid for under the mechanic's lien was furnished or placed upon the premises before the mechanic's lien was executed. Mrs. Waelder said that her father was a contractor and frequently worked by the day as a carpenter and that he did not want to charge them anything for his labor. She said, furthermore, that the lumber used to make the forms for running the cement for the foundation was on the premises and put in place for that purpose before the mechanic's lien was executed; but she does not say that the lumber used in these forms went into the construction of the building nor that the excavation for the foundation was made pursuant to, or paid for under, that contract. The record warrants the inference that Mr. Garrison made the excavation and set the forms for the concrete without charge and that appellees themselves, before the contract was executed, procured the lumber for the concrete forms. At any rate, there is no evidence upon which a conclusion could be based that any of the material or labor furnished or used prior to the execution of the mechanic's lien was paid for by the Empire Mortgage Company or the contractor, D. M. Garrison. Appellant duly objected to the submission of special issues Nos. 2 and 3, which sought from the jury findings as to whether or not material and labor that was paid for by appellant were furnished and performed prior to the execution of the contract, and their objection being overruled, they assign such action of the court as error. For the reasons expressed, we sustain these assignments.

The jury found, in answer to a special issue requested by appellees, that the secretary of appellant, prior to September 3, 1935, told Mrs. Waelder that the trustee's sale of the property would not be held on that day as advertised. Appellees contend they were entitled to recover the property because of this finding of the jury. Appellants objected to the submission of the special issue on the ground that the pleadings in the case did not warrant its submission and that it was immaterial to any issue in the case. The court overruled the objection and that action of the court is assigned as error. The purpose of the issue evidently was to procure a finding that would furnish a basis upon which to declare the trustee's sale and deed null and void. That the special issue raised a vital question cannot be oppugned. It was an issue not made by the pleadings, and its importance was such that appellant had the right to be informed through the pleadings that such contention would be made upon the trial of the case. Furthermore, there was no pleading that any injury resulted from the sale having been made in violation of such an agreement or promise, nor that appellees could in any manner have protected themselves if they had known the sale would be made. We also sustain this assignment of error.

For the errors pointed out, the judgment of the court below is reversed and the cause remanded.