J. K. KEPLEY ET UX. v. H. B. ZACHRY.

No. 7076.   Decided May 11, 1938.
Rehearing overruled June 8, 1938.
Supplemental opinion filed November 30, 1938.
(116 S. W., 2d Series, 699; 121 S. W., 2d Series, 595.)

*E. A. Mullaly,* of Laredo, *I. W. Keys, Johns, Campbell & Snyder,* all of Corpus Christi, and *Robt. W. Stayton,* of Austin, for plaintiff in error.

It was error for the Court of Civil Appeals to hold that although an entire and indivisible contract for the improvement of a homestead was not signed and acknowledged by the owners, as required by the Constitution and statutes, that the subsequent signing and acknowledging of such contract, during the progress of the work, had the effect of attaching the lien and making the same binding and enforceable against the homestead for the value of the labor performed and material furnished after the owners had properly signed and acknowledged same. Reese v. Corlew, 60 Texas 70; Tinsley v. Boykin, 46 Texas 592; Burton v. Schwartz, 36 S. W. (2d) 1066.

*Dodson & Ezell,* of San Antonio, *S. T. Phelps, Raymond, Algee & Alvardo,* of Laredo, for defendant in error.

*Maco Stewart,* of Galveston, *Geo. T. Burgess,* of Dallas, *Raymond Edwards* and *Samuel Peterson,* both of San Antonio, filed brief as amicus curiae.

MR. JUDGE GERMAN delivered the opinion of the Commission of Appeals, Section A.

On April 15, 1927, James K. Kepley and wife, Nora Kepley, entered into a contract with H. B. Zachry for the construction

of a dwelling house on certain lots of land situated in Laredo, Texas, constituting their homestead. Zachry was to furnish all labor and materials and was to construct and deliver the dwelling as a turnkey job for the lump sum of $15,500. The contract provided for a mechanics', materialmen's, laborers' and contractors' lien upon the homestead property to secure payment of the contract price. While this contract was signed by the parties on the date mentioned, it was not acknowledged as required by law until June 21, 1927. After the signing of the contract, Zachry proceeded with construction of the dwelling and prior to June 21, 1927, had expended in labor and materials about $8000 thereon. After the acknowledgment of the contract Zachry continued with the work and substantially completed the dwelling according to contract. The jury found that after June 21, 1927, Zachry expended for labor and materials in completing the dwelling the sum of $7500.

This suit was instituted by defendant in error Zachry to recover a balance due upon the contract price for the dwelling, and to foreclose a lien against the homestead property for the amount of labor and materials furnished after June 21, 1927. He will be referred to as plaintiff. Kepley and wife will be referred to as defendants. The trial court awarded judgment in favor of plaintiff for $10,208.79, with interest, and allowed foreclosure of lien against the homestead for the sum of $5660.97, with interest from June 16, 1934. This is the only part of the judgment that is brought into question. The Court of Civil Appeals affirmed the judgment of the district court allowing foreclosure of lien against the homestead. 90 S. W. (2d) 571. Upon that question writ of error was granted.

It is not claimed that plaintiff had any lien prior to the acknowledgment of the contract on June 21, 1927. It is contended, however, that he did acquire a lien for the value of materials and labor furnished after that date, and the Court of Civil Appeals so held.

Article 16, Section 50 of our Constitution is as follows:

"The homestead of a family shall be, and is hereby protected from forced sale, for the payment of all debts except for the purchase money thereof, or a part of such purchase money, the taxes due thereon, or for work and material used in constructing improvements thereon, and in this last case only when the work and material are contracted for in writing, with the consent of the wife given in the same manner as is required in making a sale and conveyance of the homestead; nor shall the owner, if a married man, sell the homestead without the consent

of the wife, given in such manner as may be prescribed by law. No mortgage, trust, deed, or other lien on the homestead shall ever be valid, except for the purchase money therefor, or improvements made thereon, as hereinbefore provided, whether such mortgage, or trust deed, or other lien, shall have been created by the husband alone, or together with his wife; and all pretended sales of the homestead involving any condition of defeasance shall be void."

The applicable statute is Article 5460 of the Revised Statutes of 1925 and is as follows:

"When material is furnished, labor performed, or improvements as defined in this title are made, or when erections or repairs are made upon homesteads, if the owner thereof is a married man, then to fix and secure the lien upon the same it shall be necessary for the person or persons who furnish the material or perform the labor, before such material is furnished or such labor is performed, to make and enter into a contract in writing, setting forth the terms thereof, which shall be signed by the owner and his wife, and privily acknowledged by her, as is required in making sale of homestead. And such contract shall be recorded in the office of the county clerk in the county where such homestead is situated, in a well bound book to be kept for that purpose. When such contract has been made and entered into by the husband and wife and the contractor or builder, and the same has been recorded, as heretofore provided, then the same shall inure to the benefit of any and all persons who shall furnish material or labor thereon for such contractor or builder."

1   It has of course been many times held that in order to create the lien provided for by the Constitution and statute, there must be a contract entered into in writing and acknowledged by the wife before the material is furnished or the labor is performed. Nor can the failure to comply with the requirements of the law be waived, or ratified, by any contract made after the material is furnished or the labor done. Collier v. Valley Building & Loan Association, 62 S. W. (2d) 82, and authorities there cited.

* [The Constitution and the statute clearly make room for two kinds of contract: First, a contract, at a stipulated sum, for an improvement, or improvements, the nature and extent of which are disclosed with reasonable certainty by the contract and/or the plans and specifications, made a part of same. Second, for labor and materials used in the construction of an improvement,

---

*Bracketed language withdrawn by supplemental opinion filed November 30, 1938. See page 561, *post*.

in which event the character and value, or approximate value, of the materials, and the approximate value of the labor to be done, are set forth with reasonable certainty in the written contract.]* In our judgment, the cases of Murphy v. Williams, 103 Texas 155, 124 S. W. 900, *[and Walker v. Woody, 40 Texas Civ. App., 346, 89 S. W. 789,] in which writ of error was refused, are in principle directly applicable and decisive of the present case.

In the case of Murphy v. Williams there was a contract in advance for a completed building at a lump sum price of $3200. The contractor did work and furnished materials of the approximate value of $1650. He then abandoned the contract and the building was completed by Murphy at a cost of $1550. The contractor assigned the notes and lien to Williams, who sought to recover thereon and foreclose a lien on the homestead to the extent of the value of labor and materials furnished by the contractor prior to abandoning the work. The lien was denied. The court used language which we think is directly applicable here. After referring to a previous case in which writ of error was refused, the court said:

"Here the work and material, so far as done and supplied, were in compliance with the contract. The work was merely left unfinished and, when Murphy voluntarily completed the building, that which had been contracted for was obtained. From this it seems to have been held by the trial court that the lien attached, pari passu with the doing of such work and the putting in of such material as the contract called for, to secure the payment for the value thereof and, to that extent, was enforceable, inasmuch as the owners received the benefit thereof in the completed building. But whatever might be the force of these facts in establishing the right to recover the value of the work and material so appropriated against one capable of thus making himself liable, it is not in harmony with the provision of the Constitution governing the fixing of liens on homesteads and the principle of contracts which we have stated, which is, that a contract entire in its character, as is one for the building of a house for a stipulated price, cannot be split up so as to allow a recovery upon it of a part of the price when the house has not been built. The Murphys did not agree to pay for the value of any work and material that should be put into the house, but agreed to pay the lump sum of $3,200 for the completed building. That Arend failed to furnish, and as he cannot, because of such failure, recover that price, he cannot recover

---

*Bracketed language withdrawn by supplemental opinion filed November 30, 1938. See page 561, *post.*

upon the contract at all; and, as a lien can exist upon the homestead only by force of such a contract, none can be enforced when the contract cannot be enforced."

**2** We think the language of the court to the effect that "a contract entire in its character, as is one for the building of a house for a stipulated price, cannot be split up so as to allow a recovery upon a part of the price," has exactly the same application where a house has been partly constructed without any contract, as in the present instance, and then completed under an entire contract, as in a case where an entire contract has been only partly performed and then abandoned. The contract is an entirety in each instance. The two cases are similar for the very good reason that in the present case plaintiff (in the language of the above quotation) "did not agree to pay for the value of any work and material that should be put into the house, but agreed to pay the lump sum of $15,500 for the completed building." The only justification for saying that defendants consented to a lien for the value of labor and material put into the house after the contract was acknowledged, is to say that by implication they agreed to do so, and by implication agreed to allocate the lump sum contract price of $15,500 to the period prior to June 21st and to the period after June 21st upon the basis of the value of work and material furnished during these separate periods. This argument may have the appearance of being reasonable, but entirely overlooks the fact that there was no *written* contract to that effect,—which is an absolute requisite of the Constitution and statutes. In addition, this does not take into consideration the element of profit.

\* [If the matter be put in a somewhat different way, the same result follows. Assuming that the contract, after being acknowledged, may be regarded as a contract for labor and materials, as distinguished from a contract for a completed dwelling at a lump sum price, it still falls short of "setting forth the terms" upon which the labor and material would be furnished. In the case of Walker v. Woody, supra, speaking of the contract contemplated by the Constitution, the court said:

\* ["This contract must be in writing as is required by the Constitution, and by its express terms should stipulate that work is to be done in improving the homestead, and the cost thereof, or, if only material is to be used in its improvement, then the purchase of such material and its *character and value.*"

\* [Continuing the court said:

---

*Bracketed language withdrawn by supplemental opinion filed November 30, 1938. See page 561, *post.*

\* ["The article of the Constitution referred to above requires that the consent of the wife be given to the incumbrance of her homestead for work and material used in its betterment, and this consent must be evidenced by her privy acknowledgment of the instrument creating such incumbrance. This implies a knowledge on her part of the nature and extent of the improvements to be made; and the privy acknowledgment required, when the instrument did not upon its face show that work or material was being contracted for to be used in improving her home, and the *extent and charge therefor,* would not evidence such knowledge and consent; and hence such an instrument would be ineffectual for the purpose of creating a lien upon the homestead. As said in the case of West End Town Co. v. Grigg et ux., (Tex. Civ. App.) 54 S. W. 904; 'One of the main objects in requiring the wife to join in the contract for improvements is to get her consent, and to apprise her fully of the character and cost of the improvements to be made.' And we may add that this can only be made to appear by the express terms of the contract acknowledged as before stated."

\* [We may add that the concluding portion of the foregoing quotation was taken substantially from the case of Lyon & Gribble v. Ozee, 66 Texas 95, 17 S. W. 405, and the Legislature has undoubtedly intended to emphasize the importance of the idea contained in the quoted statement by using in Article 5460 the words "setting forth the terms thereof."] \* Counsel for plaintiff put much stress upon the following language in Article 5460:

"When such contract has been made and entered into by the husband and wife and the contractor or builder, and the same has been recorded, as heretofore provided, then the same shall inure to the benefit of any and all persons who shall furnish material or labor thereon for such contractor or builder."

This manifestly has application to those who furnish labor and material to the contractor or builder, and has nothing to do with creating a lien in favor of the contractor or builder. This is made clear by the succeeding articles. For instance, Article 5461 provides how persons, "except the original contractor or builder," shall proceed with the matter of enforcing the lien given by the concluding portion of the statute. There is no contention that plaintiff in this instance attempted to comply with the latter provisions of the law even if he could have done so.

---

\*Bracketed language withdrawn by supplemental opinion filed November 30, 1938. See page 561, *post.*

The judgments of the Court of Civil Appeals and of the district court, in so far as they decree foreclosure of lien against the homestead property of plaintiffs in error, are reversed and judgment is here rendered denying such lien. The judgments in all other respects are affirmed.

Opinion adopted by the Supreme Court May 11, 1938.

Rehearing overruled June 8, 1938.

### SUPPLEMENTAL OPINION.

The opinion in this case is reported in 116 S. W. (2d) 699. After a careful consideration of the opinion, we have concluded that the following language contained therein may be withdrawn:

First: "The Constitution and the statute clearly make room for two kinds of contract: First, a contract, at stipulated sum, for an improvement, or improvements, the nature and extent of which are disclosed with reasonable certainty by the contract and/or the plans and specifications, made a part of same. Second, for labor and materials used in the construction of an improvement, in which event the character and value, or approximate value, of the materials, and the approximate value of the labor to be done, are set forth with reasonable certainty in the written contract."

And in this connection reference to the case of Walker v. Woody, 40 Texas Civ. App. 346, 89 S. W. 789, is also withdrawn.

Second: "If the matter be put in a somewhat different way, the same result follows. Assuming that the contract, after being acknowledged, may be regarded as a contract for labor and materials, as distinguished from a contract for a completed dwelling at a lump-sum price, it still falls short of 'setting forth the terms' upon which the labor and material would be furnished. In the case of Walker v. Woody, supra, speaking of the contract contemplated by the Constitution, the court said (page 790): 'This contract must be in writing as is required by the Constitution, and by its express terms should stipulate that work is to be done in improving the homestead, and the cost thereof, or, if only material is to be used in its improvement, then the purchase of such material and its *character and value*.'

"Continuing the court said (page 791): 'The article of the Constitution referred to above requires that the consent of the

.wife be given to the incumbrance of her homestead for work and material used in its betterment, and this consent must be evidenced by her privy acknowledgment of the instrument creating such incumbrance. This implies a knowledge on her part of the nature and extent of the improvements to be made; and the privy acknowledgment required, when the instrument did not upon its face show that work or material was being contracted for to be used in improving her home, and the *extent and charge* therefor, would not evidence such knowledge and consent; and hence such an instrument would be ineffectual for the purpose of creating a lien upon the homestead. As said in the case of West End Town Co. v. Grigg et ux., (Tex. Civ. App.) 54 S. W. 904 (supra) : 'One of the main objects in requiring the wife to join in the contract for improvements is to get her consent, and to apprise her fully of the character and cost of the improvements to be made.' And we may add that this can only be made to appear by the express terms of the contract acknowledged as before stated.'

"We may add that the concluding portion of the foregoing quotation was taken substantially from the case of Lyon & Gribble v. Ozee, 66 Texas 95, 17 S. W. 405, and the Legislature has undoubtedly intended to emphasize the importance of the idea contained in the quoted statement by using in article 5460 the words 'setting forth the terms thereof.' "

The foregoing language was used arguendo, and its withdrawal does not affect in any manner the conclusion expressed in said opinion and the main reason upon which such conclusion is based.

By withdrawing the language quoted from the case mentioned, it is expressly understood that such language is not disapproved or approved, but the same is withdrawn because not absolutely necessary to a decision of the case.

Opinion adopted by the Supreme Court November 30, 1938.