## COLLINS v. HALL.
### No. 9092.

Court of Civil Appeals of Texas. Austin.
March 25, 1942.

Rehearing Denied April 15, 1942.

312

Upton, Upton & Baker, of San Angelo, for appellant.

Clyde Vinson, M. E. Sedberry, W. A. Johnson, and B. A. Carter, all of San Angelo, for appellee.

BAUGH, Justice.

Hall, contractor, sued Collins, owner, for a balance due under a contract to erect a business building in the City of San Angelo; and for extra compensation for changes, alterations and extras, made in, or added to, the plans and specifications, at the request of Collins. Collins tendered into court the balance of the $2,800 contract price and denied liability for any sum above that. Trial was to a jury on 26 special issues, all of which were answered in favor of Hall, the contractor, and judgment rendered in his favor for the $428.50 balance due under said contract and $1,564.65 for extras, from which judgment this appeal is prosecuted. Certain furnishers of material intervened and their claims were established in said judgment, but their interests coincide with those of appellee, and they need not be separately considered herein. The appellant did not testify on the trial hereof and offered no evidence except by cross examination of appellee's witnesses.

The contract, to which was attached detailed plans and specifications, called for the erection, as a turn key job, of a one-story brick and tile store building with concrete floor, on concrete foundations, fronting 85 feet on Oakes Street and 48 feet deep. It was designed for use as a garage, and the owner had already leased it if it could be completed by May 1, 1937. After construction began, either to satisfy the requirements of his prospective tenant, or to expedite construction, the owner directed many changes to be made in the construction, not provided for in the plans and specifications, which are the subject matter of this lawsuit.

There is no contention that the contractor had in any manner breached his contract, or had only substantially complied with it; nor that the changes, alterations and additions made at the request of the owner, not provided for in the plans and specifications, were not properly and satisfactorily done. On the contrary, the owner accepted the building as completed, went into possession thereof, and in this suit has tendered the unpaid balance of the contract price; and defends on the ground that this is all that he owed the contractor. He is consequently estopped to deny that the contractor did not fully comply with his contract. The only issue, therefore, is whether he has, at the request of the owner, done more than perform his original contract, for which he is entitled to be paid.

The jury found, and the undisputed evidence showed, that numerous material changes of construction and additions to the plans and specifications were made at the request of the owner which added materially to the cost of construction over and above what it would have cost the contractor to erect the building in accordance with his original contract. Some of them were: Increase of the horizontal thickness of the concrete foundation wall from 8 inches to 10 inches; increasing the height of the walls both front and rear over the height specified in the contract; making the ceiling higher than specified; constructing larger doors both front and rear than specified; changing the windows from the type and size specified; changing the lighting system; installing a different and more expensive type of roof than called for; and substituting wooden trusses to support the roof in the place of steel beams specified in the contract. All these matters were submitted to the jury who found that they had been made at the request of the owner; and also the additional cost to the contractor thereof over and above what it would have cost him to erect same in accordance with the plans and specifications made a part of the original contract.

Appellant's first contention is that the contractor must recover upon the contract or upon quantum meruit, but not upon both; and if upon the latter, his measure of recovery must be determined by the reasonable value of the building actually constructed; and that the changes, additions and alterations sued for cannot be classified as "extra work" under the holdings in Houston, E. & W. T. Ry. Co. v. Trentem, 63 Tex. 442; and Bradshaw v. Wolfe City, Tex.Civ.App., 3 S.W.2d 527. This contention is not sustained. Having admitted that the contractor had fulfilled his contract and was entitled to his full compensation pro-

vided therein, the only question of liability to be determined is whether the contractor was entitled, under quantum meruit to recover for the additional work and materials done and furnished beyond his contract requirements.

■■ Extra work, for which a contractor is entitled to additional compensation, and for materials and labor, are such as are not "contemplated by the contract, but which are required by changes in the plans and specifications made after the contract has been entered into * * *." Houston, E. & W. T. Ry. Co. v. Trentem, supra; Baldwin v. Polti, 45 Tex.Civ.App. 638, 101 S.W. 543, writ refused; Mood v. Methodist Episcopal Church South, of Cisco, Tex.Civ. App., 289 S.W. 461; Id., Tex.Com.App., 296 S.W. 506; Id., Tex.Com.App., 300 S. W. 30; 7 Tex.Jur. § 62, p. 622, § 64, p. 626. The changes and additions made at the request of the owner after the contract was made and construction had begun were clearly not provided for nor contemplated in the contract itself, but they were manifestly "connected with the subject matter of the contract" and not foreign to it.

■ Appellant's next contention is that he was entitled to deduct from sums claimed by appellee the value of all omissions from the original plans and specifications; and that since they called for brick columns to be built in the walls to support all girders, and these were omitted and concrete run into the tile at such designated places instead, this constituted but a substantial compliance with the contract and that under the holding in Atkinson v. Jackson Bros., Tex.Com.App., 270 S.W. 848, 38 A.L.R. 1377, it was incumbent upon the contractor to show not only his extra work, but also his saving, to properly arrive at the sum still due him. As a general rule this contention is correct. But it was alleged and shown that all changes were made at the request of the owner who accepted the concrete in lieu of the brick columns. The contractor testified that these brick were used in other parts of the building, and the cost in the one instance equalled the saving in the other. Hence nothing was saved to the contractor in this change. No issue of mere substantial compliance, short of full compliance, was raised in the instant case, as was true in the Atkinson case cited above. This particular change does not present a question of saving on omissions; but one of substituted construction at the instance of the owner of equal cost to that provided in the specifications.

■ Appellant next urges that the trial court erred in permitting appellee to testify in detail as to the added costs of material, labor, etc., necessitated by the changes and additions, on the ground that such testimony contradicted the written contract. So did the changes and alterations to the same extent. But they were made by the owner with the consent and agreement of the contractor. Nor did they constitute an abandonment or abrogation of the original contract. They merely constituted substitutions and additions, orally agreed to, in lieu of the written provisions of the contract. As such they were binding on the owner as well as on the contractor; and his recovery therefor is not predicated upon the terms of the written contract, but for extra work done and materials furnished beyond the requirements of the contract on a quantum meruit basis.

It is next urged that the trial court erred in refusing to reopen the case after the evidence was closed and the witnesses had been dismissed; in his assumption of a controverted fact in the manner in which issue A–4 was submitted; and in his refusal to permit appellant to introduce proof on the facts alleged to have been disputed. Some 24 hours after the close of the testimony the court announced to counsel the issues to be submitted to the jury. Among them was A–4. It inquired whether the height of the front wall had been increased from a specified 12 ft. 4 in. and the rear wall from a specified height of 9 ft. 10 in. "as provided for in the plans and specifications." This was objected to by appellant on the ground that it was a disputed fact issue as to what heights the plans and specifications called for; and appellant moved to reopen the case and permit him to show not only that the plans did not show such heights, but that the doors had not been increased to the size claimed by appellee and that the foundation was not as thick as the contractor testified he had made it.

■ As to the two last named items the trial court was clearly authorized to deny appellant's request. These fact issues had been fully gone into during the trial, the witness whom appellant sought to use upon reopening the case was present during the trial and not used; and no showing is made that, as to the doors and founda-

tions, such tendered testimony could not as easily been offered by appellant in such trial as it could after both parties had rested (the appellant having offered no witnesses and did not testify himself) and appellee's witnesses had all been excused and had dispersed. This brought the matter clearly within the discretion of the trial court and no abuse thereof is shown. 41 Tex.Jur. § 136, p. 894. Appellant wholly failed to show diligence in this regard.

■ On the assumption by the court in issue A–4 of a disputed fact issue, the original contract, plans and specifications have been brought up with the record. The specifications provide that the drawings are to be considered a part of the specifications, and "where dimensions are given, these are to be used, rather than whatever the drawings might scale." This original plan shows, on a cross section of the building, 10 feet from floor to ceiling in front, a 10-inch beam to support the roof, and an 18-inch fire wall on top of that. These combined make the front wall 12 ft. 4 in. In the rear a height between the floor and 10-inch ceiling beam of 9 feet was shown with no fire wall in the rear. This made the rear wall 9 ft. 10 in. Consequently, under the express terms of the specifications and the plan attached, there was no disputed fact issue as to the height shown for these walls. While appellant contends that the plans fail to show the height of the rear wall, a close inspection of the drawings discloses the figure "9'-0"" as found by the trial court.

Appellant's next contention is that the jury's verdict is excessive. The plaintiff pleaded in detail the changes and additions made and the added cost thereof; and that his services in supervising such extra work were reasonably worth 10% of such added cost. He also testified in detail to the items of labor and material, and that the cost thereof, going into the extra work, over and above what such construction cost would have been under the original contract. He sought recovery of these added expenses together with a supervisory charge of 10% thereon.

■ While no separate issue was submitted on the value of his services in supervising such extra work, it is clear we think that the jury found that his services were worth 10% and merely added that as a part of the "fair and reasonable cost to the plaintiff" in performing the extra work. This is demonstrated by their answers to issues 3 and 26. The testimony showed that the 2-inch added thickness of the foundation wall required 10½ cubic yards of concrete; and that the reasonable cost thereof was $8 per cubic yard. Issue 3 submitted to the jury inquired, "What do you find from a preponderance of the evidence to have been the fair and reasonable cost to the plaintiff, if any, of increasing the foundation wall" to the added thickness; to which the jury answered, $92.40. 10½ yards at $8 would amount to $84, the amount above that being urged by appellant as excessive. But if 10% be added as the value of the contractor's services for supervising, it aggregates the exact amount found by the jury. The other items complained of as excessive were found by the jury in the same manner. The jury were entitled to take into consideration the value of the contractor's services as a part of the reasonable cost to him; and not limit his recovery to what he had paid out to others with no allowance for his own services. That this is what they did is further demonstrated by their answer to issue 26, relating to the added cost of the electrical work. Hall testified that he did not supervise this particular work, but that he paid out, over and above what that work as required by the original specifications would have cost him, the sum of $71. The jury found that the reasonable cost to him for this item was $71, thus allowing nothing for a service he testified that he did not perform. Since the jury were entitled to include as a part of the cost to him for the added work and materials the reasonable value of his own services in constructing such building, their verdict was not excessive in the respective sums complained of.

■ The last contention made by appellant asserts error of the trial court in submitting, in the various issues complained of, the added costs to the contractor of the several changes and additions over the contract requirements, on the ground that same undertook to split up an indivisible contract; and to permit a recovery piecemeal for construction of such separate parts, whereas the contract called for a turn key job at a stipulated sum, citing particularly Kepley v. Zachry, 131 Tex. 554, 116 S.W.2d 699, 701. The rule announced in that case applies where the building has not been completed and the contractor undertakes to recover for what he has done. But no such case is here presented. Here the building was completed, the owner accepted it, and admitted that he owed for the full contract price. The is-

sues here presented are for recovery by the contractor for the changes and additions in construction beyond what the contract required. These issues were therefore properly submitted and did not constitute any attempt to split up the contract and to recover piecemeal for the work and materials provided for in the contract itself.

Finding no error in the record, the judgment of the trial court is affirmed.

Affirmed.