**KEPLEY et ux. v. ZACHRY.**

No. 2158—7076.

Commission of Appeals of Texas. Section A.

Nov. 30, 1938.

For original opinion, see. 116 S.W.2d 699.

I. W. Keys and Johns, McCampbell & Snyder, all of Corpus Christi, E. A. Mullally, of Laredo, and Robert W. Stayton, of Austin, for plaintiffs in error.

Dodson & Ezell, of San Antonio, and S. T. Phelps and Raymond, Algee & Alvarado, all of Laredo, for defendant in error.

GERMAN, Commissioner.

The opinion in this case is reported in 116 S.W.2d 699. After a careful consideration of the opinion, we have concluded that the following language contained therein may be withdrawn:

First. "The Constitution and the statute clearly make room for two kinds of contract: First, a contract, at a stipulated sum, for an improvement, or improvements, the nature and extent of which are disclosed with reasonable certainty by the contract and/or the plans and specifications, made a part of same. Second, for labor and materials used in the construction of an improvement, in which event the character and value, or approximate value, of the materials, and the approximate value of the labor to be done, are set forth with reasonable certainty in the written contract." [Page 701.]

And in this connection reference to the case of Walker v. Woody, 40 Tex.Civ.App. 346, 89 S.W. 789, is also withdrawn.

Second. "If the matter be put in a somewhat different way, the same result follows. Assuming that the contract, after being acknowledged, may be regarded as a contract for labor and materials, as distinguished from a contract for a completed dwelling at a lump-sum price, it still falls short of 'setting forth the terms' upon which the labor and material would be furnished. In the case of Walker v. Woody, supra, speaking of the contract contemplated by the Constitution, the court said (page 790): 'This contract must be in writing as is required by the Constitution,

and by its express terms should stipulate that work is to be done in improving the homestead, and the cost thereof, or, if only material is to be used in its improvement, then the purchase of such material and its *character and value.'*

"Continuing the court said (page 791): 'The article of the Constitution referred to above requires that the consent of the wife be given to the incumbrance of her homestead for work and material used in its betterment, and this consent must be evidenced by her privy acknowledgment of the instrument creating such incumbrance. This implies a knowledge on her part of the nature and extent of the improvements to be made; and the privy acknowledgment required, when the instrument did not upon its face show that work or material was being contracted for to be used in improving her home, and the *extent and charge therefor,* would not evidence such knowledge and consent; and hence such an instrument would be ineffectual for the purpose of creating a lien upon the homestead. As said in the case of West End Town Co. v. Grigg et ux. (Tex.Civ.App.) 54 S.W. 904 (supra): "One of the main objects in requiring the wife to join in the contract for improvements is to get her consent, and to apprise her fully of the character and cost of the improvements to be made." And we may add that this can only be made to appear by the express terms of the contract acknowledged as before stated.'

"We may add that the concluding portion of the foregoing quotation was taken substantially from the case of Lyon & Gribble v. Ozee, 66 Tex. 95, 17 S.W. 405, and the Legislature has undoubtedly intended to emphasize the importance of the idea contained in the quoted statement by using in article 5460 the words 'setting forth the terms thereof.' "

The foregoing language was used arguendo, and its withdrawal does not affect in any manner the conclusion expressed in said opinion and the main reason upon which such conclusion is based.

By withdrawing the language quoted from the case mentioned, it is expressly understood that such language is not disapproved or approved, but the same is withdrawn because not absolutely necessary to a decision of the case.

Opinion adopted by the Supreme Court.